U. S. ENTERPRISES, INC., Appellant,

v.

Dean I. DAULEY, Individually, et al., Appellees.

No. 17621.

Court of Civil Appeals of Texas, Fort Worth.

May 16, 1975.

Rehearing Denied June 20, 1975.

Sears, Parker, Quisenberry & Spurlock, and Dean Spurlock, Fort Worth, for appellant.

Thorne, Thorne & Robertson, Inc., and Michael A. Robertson, Grand Prairie, for appellees.

OPINION

MASSEY, Chief Justice.

This is an appeal from a a summary judgment granted upon motion of the defendant Dean I. Dauley, et al. They will be for convenience referred to hereinafter as Dauley Enterprises.

Plaintiff was U. S. Enterprises, Inc., hereinafter termed plaintiff. Plaintiff brought suit for specific performance of contractual promise made July 17, 1972 to convey land in Wise County, Texas, against Coke L. Gage and wife on May 24, 1973. After that suit was brought and while it was pending plaintiff discovered that the Gages had made a sale of land, deemed a part of its own contract, to Dauley Enterprises. By amendment filed December 12, 1973 plaintiff joined Dauley Enterprises as party defendant to its pending suit.

Dauley Enterprises had, in fact, purchased Wise County land from the Gages with knowledge of plaintiff's pending suit against them. The land purchased by it was described in its deed by metes and bounds and with specification as land within the A. J. Walker Survey, Abstract 860. Without doubt the land purchased by Dauley Enterprises was either immediately within or immediately without the total

body of land plaintiff believed it had contracted to purchase from the Gages. It was on the theory that plaintiff had no valid and enforceable contract with the Gages which in any way affected purchase by Dauley Enterprises that such parties consummated the transfer of title to land in the A. J. Walker Survey. Dauley Enterprises was placed upon actual notice of plaintiff's claim that by contract the Gages were obligated to deliver the same land to plaintiff at a time prior to that it consummated its purchase from the Gages. Dauley Enterprises was furthermore aware of the suit and of the *lis pendens* plaintiff had placed on file pursuant to its claim.

After being joined as a party defendant by plaintiff in its pending suit against the Gages, Dauley Enterprises moved for summary judgment. Upon hearing summary judgment for Dauley Enterprises was granted. There was severance so that plaintiff's suit against the Gages might remain pending and the summary judgment become a final and appealable judgment. Plaintiff appealed therefrom.

We affirm the summary judgment.

A theory advanced by Dauley Enterprises was that since the evidence, undisputed for summary judgment purposes, showed that plaintiff had no valid and enforceable contract with the Gages in any event, because there was insufficient description by the Statute of Frauds to any Wise County land, plaintiff could not go through the Gages and against it. Since a right to maintain plaintiff's case against the Gages would be an essential prerequisite to any right to maintain a suit against Dauley Enterprises as successor to rights and/or liabilities incident to its purchase, we examined the state of facts in light of the law as recognized by the Supreme Court in Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222 (1949).

In Pickett v. Bishop, supra, it is stated to be settled law that the condition of the Statute of Frauds is satisfied relative to the description of land contracted to be purchased if the memorandum of writing, despite failure to locate the property by metes and bounds, etc., sets out such words as "my property", "my land", or "owned by me"; that the land description is sufficient because when it is shown by extrinsic evidence that the party to be charged owns a tract, and only one tract of land answering the description in the memorandum, the stated ownership of the property is in itself a matter of description which leads to the certain identification of the property. With this done, the description exhibits compliance with the terms of the rule that the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.

Plaintiff's 1972 contract with the Gages stated on its face that the 10 different parcels of land acreage contracted to be conveyed to plaintiff were in Surveys, as follows: (a) J. G. Bullock, Abstract No. 79, (b) David Moses, Abstract No. 537, and (c) J. H. Moore, Abstract No. 538, all in Wise County, Texas. Written into the contract above the signature of the Gages was the following: "Said contract includes all of the land owned in said surveys above described exclusive of the 200 acres in the J. H. Moore Survey described in Paragraph 15 hereof."

Examination discloses that the 200 acres in the J. H. Moore Survey was land capable of segregation out of the contract and thus a separate and independent contract from the remainder having application to the land in the Bullock and Moses Surveys. The provisions relative thereto, while they might afford to plaintiff the right to an escape from the entire contract on the theory of failure of consideration, may be disregarded for purposes of appeal by plaintiff from the summary judgment awarded Dauley Enterprises. Here the question is upon the matter of plaintiff's right to enforce specific performance—not only against the

Gages, but through them—against Dauley Enterprises.

If on a trial on the merits plaintiff could show that the land sold by the Gages to Dauley Enterprises lay within the Bullock and Moses Surveys it might be entitled to prevail against Dauley Enterprises by reason of the notice and knowledge passed by the latter at time of the purchase. Unless it could show this, however, it could not so prevail. If, upon a Defendant's Motion for Summary Judgment inability to make such proof be demonstrated it would be proper to grant the motion. Our holding is that plaintiff's inability was proved and that summary judgment was proper.

Dauley Enterprises' proof showed that its consummated contract of purchase from the Gages was of land lying within the A. J. Walker Survey and that plaintiff's contract did not entitle it to any specific performance to enforce conveyance of any land in that Survey. As the defendant-movant for summary judgment Dauley Enterprises was not required to show more. Upon such a showing made it became incumbent upon plaintiff, as respondent to the Dauley motion, to come forward with something affirmative to show existence of a fact issue to be tried.

Plaintiff did attempt to do this, but it might properly be said that it showed no more than the following: (1) that its representative was shown property which in fact did include that later purchased by Dauley Enterprises from the Gages, (2) that a "meeting of the minds" with the Gages was arrived at upon the price to be paid per acre by plaintiff as the plaintiff's consideration, and upon the property and location thereof which would be delivered by the Gages as their return consideration, (3) that a map was drawn outlining location and boundaries of the property which was to be contracted to be conveyed, with agreement that it was to be attached to the memorandum of contract and made a part thereof, and that on such map the tract later conveyed by the Gages to Dauley Enterprises was included and marked by color identical to the color used to denominate the land owned by the Gages in the David Moses Survey, (4) that in the written portion of the memorandum of contract there was omission in that the aforesaid property was not included (though the map Exhibit "A" attached to and made a part of the contract showed it in color as part of the David Moses Survey), since it set out merely the parties' sale and purchase agreement relative to land located in surveys other than that owned by the Gages in the A. J. Walker Survey.

Because there was absence of any description of land in the Walker Survey which would satisfy the description requirement of the Statute of Frauds, plaintiff could not enforce as against the Gages an obligation to convey any land in that Survey. It would necessarily follow that plaintiff could have no right to compel Dauley Enterprises to deliver it up (as to the Gages) so that it might be conveyed to plaintiff.

The contract was wholly executory in so far as the land to be conveyed is concerned or in so far as the consideration promised by the Gages is involved. Therefore it is not capable of any forced reformation because of the Statute of Frauds. Unlike the capability of enforcement which would have been existent were the land in dispute within the Moses Survey (by the doctrine in Pickett v. Bishop, supra), there is demonstrated incapability of enforcement by the Statute of Frauds of any obligation to convey the disputed land because (1) there is nothing in the written portion of the contract which in any way includes it, (2) the map attached to and made a part thereof is insufficient to show such description that it might be located and defined, (3) there is nothing of written nature to which the contract makes reference by aid of which the extent and description of land in the A. J. Walker Survey might be determined, and (4) even if there were such the written

portion of the contract is specified with particularity that it covers land within the J. G. Bullock, David Moses, and J. H. Moore Surveys (that in the Moore Survey capable of being severed out for purposes of this proceeding) and thus would control over the general description, within which there would even be difficulty in enlarging it to include the land in the A. J. Walker Survey.

Plaintiff seeks to have treated as within its contract with the Gages the parcel in the A. J. Walker Survey because that was shown to it at time prior to entry into written contract as part of the whole of the land contemplated to be sold to it by the Gages, and the contract was executed with the intention and in the belief by both parties thereto that it was land included in the contract. Because of the Statute of Frauds this is not enough to entitle plaintiff to enforce conveyance of real estate.

Judgment is affirmed.