Ellsworth v. Randall.

ELLSWORTH V. RANDALL.

1. Vendor and Vendee: SALE THROUGH AGENT: MISUNDERSTANDING AS TO GRANTEE: SPECIFIC PERFORMANCE. Plaintiff claims to have purchased the land in question through his agents, and he now seeks to compel defendant to execute a deed therefor. The correspondence of the agents with defendant was to the effect that they were seeking to purchase his interest for the benefit of the holder of the tax title, and with that understanding defendant consented to convey for a certain sum. But plaintiff was not the holder of the tax title. *Held* that defendant had the right to select his grantee, and was not bound by the agreement to convey to any other than the owner of the tax title. (See *Knight v. Cooley*, 34 Iowa, 221.)

2. ——: FAILURE TO CONVEY: RECOVERY OF PART PAYMENT ADVANCED: TENDER: COSTS. In such case the agents, two days after the action was begun, tendered defendant the agreed price, less twenty-five dollars which had been paid him as a token of good faith, but he refused the tender and offered to return the twenty-five dollars which the agents declined. The petition alleged the payment of the twenty-five dollars, and demanded general equitable relief, and defendant conceded the payment of that sum. *Held* that plaintiff was entitled to recover the twenty-five dollars without costs.

3. ——— : ——— : UNWARRANTED REDEMPTION BY VENDEE: RECOV-
ERY. In such case, where plaintiff, relying upon procuring the
conveyance, notwithstanding he was not legally entitled to it,
redeemed the land from tax sale, he could not recover of defend-
ant the amount paid to redeem.

*Appeal from Sioux District Court.*—HON. SCOTT M.
LADD, Judge.

### FILED, JUNE 5, 1889.

ACTION in equity to compel the specific perform-
ance of an alleged agreement for the sale and convey-
ance of an interest in real estate. The cause was tried
on its merits, and judgment was rendered in favor of
defendant. The plaintiff appeals.

*W. S. Palmer*, for appellant.

*Pitts & Kessey*, for appellee.

ROBINSON, J.—I. Appellant claims that he
entered into a valid agreement for the purchase of a

1. VENDOR and vendee: sale through agent: misunderstanding as to grantee: specific performance.

quarter section of land described in the
petition, by virtue of certain correspond-
ence had with defendant, White B. Ran-
dall, carried on in behalf of plaintiff by his
agents, Lewis & Dodge. Defendant denies
that a valid agreement of sale was entered into, and
alleges that said agents represented that they were
seeking to obtain the conveyance in controversy for cer-
tain persons who held a tax title to the land ; that any
agreement on his part was made with the understanding
that such representations were true ; and that they were
in fact false. On the sixth day of October, 1885, Lewis
& Dodge wrote defendant that they had an offer of one
hundred and fifty dollars for his title to the land, and
asked if they should prepare and send him papers. On
the nineteenth day of the same month defendant wrote
the agents that "if they will give me one hundred and
fifty dollars, besides your cost, I will give them the
Randall claims on the land." He also wrote them to

send the necessary papers, including a blank deed, to him to be executed by the heirs of a former owner of the land. The deeds were sent as requested, with a form of an affidavit as to the insanity and death of the former owner, and directions as to the execution of the papers. A draft for twenty-five dollars, "to show the good faith of the party," was also enclosed. November 2, 1885, defendant acknowledged receipt of the letter, with its enclosures, and suggested a change in the affidavit, and that, if it could be made, he thought the parties could agree. He also stated that he would deposit the draft in bank until the matter was arranged; and if the agreement was not made he would return the money. November 6, 1885, Lewis & Dodge wrote defendant, waiving that part of the affidavit to which objection had been made, and enclosing a new form. December 5, 1885, defendant wrote Lewis & Dodge as follows: "You may begin to think that I am rather slow about getting that matter settled, but I have not been able to get around to all of the heirs yet, but will soon. Everything is favorable though. I will be able to get the papers to you by the first of January, I think, without any doubt. So, if you will be a little patient, all right." In answer to that letter the agents wrote: "If you get the papers around by January first, as proposed, it will not inconvenience us." That is the portion of the correspondence upon which plaintiff relies as constituting the agreement of which he asks a specific performance. Whether, if considered alone, it would constitute an agreement which could be enforced, we need not determine.

It is shown that on the twenty-second day of June, 1885, defendant wrote to Lewis & Dodge, asking information in regard to the land in question; that on the tenth day of August, 1885, they wrote to one Harden, as attorney for Moser Bros., who held the tax title, to ascertain what they would give for the Randall title; that considerable correspondence between Lewis & Dodge and Harden followed, but without resulting in an offer to purchase on the part of the Mosers. The last

letter of that correspondence appears to have been written by Harden on the twenty-third day of October, 1885. It informed Lewis & Dodge, in effect, that, when it was shown that the Randall claim was a cloud on the tax title, parties interested in that title would be ready to negotiate. It appears that Lewis & Dodge were authorized to act as agents for plaintiff; but the extent of their agency is not clearly shown. It does not appear when, if ever, plaintiff authorized them to purchase the Randall title for him; but he testifies that all their acts in his behalf in the matter in controversy, performed after October 6, 1885, are approved. Lewis & Dodge had been instrumental in selling to Moser Bros. the tax title under which they claim. August 3, 1885, they wrote defendant that they had written the attorney of the tax-title owner in regard to the Randall title. September 2, 1885, they wrote to defendant that they had heard from the attorney. After making some suggestions as to the title, they state: "We sold the land to the present owner, and have an interest in getting it fixed up." September 14, 1885, they wrote defendant as follows: "Your favor of eighth inst. at hand, and noted. Requested him to wire me if he wanted the claim, so I could wire you before the nineteenth, at your request. I think, probably, he will take it, although I am not certain. Will let you know as soon as heard from." We do not find the letter to which that was an answer, but, from the dates, conclude that the Harden correspondence was referred to.

It appears that when the correspondence with defendant was commenced Lewis & Dodge expected to induce Moser Bros. to purchase the Randall title, and, in substance, so informed him; but when they refused to make an offer Lewis & Dodge submitted a proposition to purchase, but without disclosing the fact that it was not made on behalf of the owners of the tax title. When the deeds were sent to defendant for execution he supposed the grantee named was the tax-title owner. When he discovered that plaintiff was not the person for whom the agents represented that they were acting,

he had the right to refuse to complete the contract, if one had been made, and his reason for so doing is not material. It is urged by appellant that an agreement has been clearly established; that in making the sale defendant only desired to get the largest sum possible for his interest; that he was, in fact, indifferent as to the grantee, and that his interests were not prejudiced by the change. But it was the right of defendant to select his grantee. *Knight v. Cooley*, 34 Iowa, 221. He gave to Lewis & Dodge no general authority to sell, but, at most, accepted an offer which he had been induced to believe was made by the tax-title owner, and was under no obligation to convey to another.

II. Complaint is made of the action of the district court in not allowing a recovery for the twenty-five

2. —— : failure to convey; recovery of part payment advanced: tender: costs.

dollars paid to defendant by Lewis & Dodge. A member of that firm visited defendant at his home in Michigan, and there tendered him one hundred and twenty-five dollars, and demanded for plaintiff a conveyance of the land in controversy. Defendant refused the tender, and offered to return the twenty-five dollars, but the agent declined to receive it. This action was, in fact, commenced two days before the aforesaid tender and demand on the part of plaintiff were made. The petition alleges the payment of the twenty-five dollars, and demands general equitable relief; but there was no controversy over the fact that payment had been made as charged. Appellee expresses a willingness to refund the money; but, in view of the circumstances of this case, it would be inequitable to allow appellant costs on account of it. He will, therefore, be allowed to take judgment for twenty-five dollars, without costs.

III. Plaintiff has redeemed the land in controversy from a sale made for the delinquent taxes of 1876, and

3. —— : —— : unwarranted redemption by vendee: recovery.

complains of the refusal of the district court to allow him the amount of money paid to redeem. But plaintiff has failed to show such an interest in or claim to the land as authorized him to redeem. In making redemption

he acted as a mere volunteer, and is not entitled to recover for the amount paid.

IV. Other questions discussed by counsel are not material to a determination of this cause, and, therefore, need not be decided. With the modification specified, the judgment of the district court is

AFFIRMED.