Argued December 6, decided December 19, 1911.

## HENDERSON v. LEMKE.

[119 Pac. 482.]

FRAUDS, STATUTE OF—CONTRACT OF EMPLOYMENT OF BROKER—CONSIDERATION FOR CONTRACT.

1. A contract in writing, reciting an agreement to pay a real estate broker a specified commission, provided any customer shown the owner's property shall purchase the same, indicates what the broker shall do to earn his commission, and is not void, under the statute of frauds (Section 808, L. O. L.), because not stating the consideration in exact terms.

FRAUDS—STATUTE OF—CONTRACT EMPLOYING BROKER—REQUISITES OF MEMORANDUM.

2. The contract is not void under the statute, because it does not state the sum which was to be paid for the property.

FRAUDS—STATUTE OF—CONTRACT EMPLOYING BROKER—REQUISITES OF MEMORANDUM.

3. The contract is not void, under the statute, because it does not describe the property; the contract not being for the sale of the property, but for the services of one to find a purchaser.

BROKERS—COMMISSIONS—COMPLAINT—REQUISITES.

4. A complaint, in an action by a broker for commissions for procuring a purchaser of real estate, which describes the property, so that it can be identified, is sufficient, in the absence of a motion to make the description more definite.

DISMISSAL AND NONSUIT—COMPLAINT—REQUISITES.

5. The court, on motion to dismiss, on the ground that the complaint did not state a cause of action, must take as true every allegation of the complaint.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by P. W. Henderson against Henry Lemke and Agnes Lemke to recover commissions upon

a real estate sale. The complaint alleges, in substance, that plaintiff is a real estate dealer in Portland, Oregon; that at the date of the alleged contract defendants were the owners of certain real estate, which is described in the complaint; that on August 20, 1909, defendant Henry Lemke, acting for himself and as the duly authorized agent of Agnes Lemke, gave to plaintiff the exclusive right to secure a purchaser for the property described for the period of five days, the purchase price of the property to be $10,000, and defendants agreed to pay plaintiff, as commissions for his service in securing a purchaser, the sum of five per cent on the first $2,000 and 2½ per cent on the balance of the purchase price, which agreement is in the following words and figures:

"I hereby agree to pay to P. W. Henderson a legal commission of five per cent on the first $2,000 and 2½ per cent on the balance, provided any customer shall purchase my property who has been shown the property by P. W. Henderson at any time.

(Signed) H. Lemke."

That plaintiff produced a purchaser, within the period, who was able, ready, and willing to purchase the property on the terms of the seller; that thereby the commissions were earned, and became due and payable.

There was a denial of all the material facts stated, and the case was called for trial. On the trial defendants objected to the introduction of any testimony, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and after consideration the objection was sustained. The specific point to defendants' objection was that the alleged contract was within the statute of frauds, and therefore void. That portion of the statute pertaining to the mater in issue is Section 808, L. O. L., and reads as follows:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the

party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law. * * 8. An agreement entered into subsequent to the taking effect of this act, authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

Plaintiff appeals.                              REVERSED.

For appellant there was a brief over the names of *Messrs. McAllister & Upton* with an oral argument by *Mr. Edward S. J. McAllister.*

For respondents there was a brief over the names of *Messrs. Cole & Cole* and *Mr. James G. Wilson* with an oral argument by *Mr. James Cole.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. We are of the opinion that the contract is valid, and not in contravention to the statute of frauds. It amounted to an employment of the plaintiff to show the property which defendants owned, and practically stipulated that if he did so, and a sale on defendants' terms followed that labor, then defendants were to pay a commission. Here the thing to be done by plaintiff is to show the property. If he does that, he has paid his price for the commissions. It is the consideration for the contract. It is not necessary that the consideration be stated in exact terms, if it can be made out clearly from the whole writing: *Straight* v. *Wight,* 60 Minn. 515 (63 N. W. 105) ; *Union Bank* v. *Coster,* 3 N. Y. 203 (53 Am. Dec. 280) ; *Barney* v. *Forbes,* 118 N. Y. 580 (23 N. E. 890) ; *Laing* v. *Lee,* 20 N. J. Law, 337; *Marquand* v. *Hipper,* 12 Wend. (N. Y.) 520.

2. The objection that the contract is void, because it does not state the sum which was to be paid for the property, is untenable. It was sufficient if a purchaser, who had been shown the property, presented himself, and was

ready, able, and willing to purchase for any price that defendants saw fit to ask. The agreement does not limit defendants to any specific price; they had a perfect right under it to make the price $5,000 or $100,000; but if they did fix the price, and it was paid, or the purchaser was ready to pay it, they were liable under their promise.

3, 4. The argument that the memorandum is void, because it does not describe the property, is not tenable. This is not a contract for the sale of real property, but a contract for the services of a person to find a purchaser. It is immaterial what the description of the property is, if it can be identified; and, while the complaint is not so definite in this respect as it could have been made, we think, in the absence of a motion to make definite, it is sufficient: *Baird* v. *Loescher,* 9 Cal. App. 65 (98 Pac. 49) ; *Sanchez* v. *Yorba,* 8 Cal. App. 490 (97 Pac. 205).

The evil, which it was the object of this statute to remedy, was to put a stop to a once prevalent practice of real estate brokers of claiming commissions. Here what both parties were to do clearly appears from the writing, "signed by the party to be charged."

5. For the purposes of the motion to dismiss, every allegation of the complaint is taken to be true; and therefore we have a case presented in which defendants agreed, in writing, that, if plaintiff should perform a certain act, and a sale upon defendants' terms resulted, defendants would pay plaintiff a specified commission; and that plaintiff performed his part of the contract to the letter. It is true that the statute of frauds ought to be enforced, even though the results may be harsh and inequitable; but courts ought not to give it a forced and farfetched construction where such interpretation will effect a fraud greater than that which the statute was designed to remedy.

We are of the opinion that upon a fair construction this contract does not contravene the law. The judgment is reversed, and a new trial ordered.     REVERSED.