Hugh McHUGH, Appellee,

v.

Leo JOHNSON, Appellant.

No. 59797.

Supreme Court of Iowa.

July 26, 1978.

Getscher, Redd & Getscher, Hamburg, for appellant.

James W. Redmond and Gleysteen, Harper, Kunze, Eidsmoe & Heidman, Sioux City, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This appeal involves a claim by plaintiff, Hugh McHugh, for real estate commission allegedly due from Leo Johnson. The case was tried without a jury. The trial court entered judgment for plaintiff in the amount of $15,000.00. On appeal, the Court of Appeals reversed and ordered judgment instead for defendant. The case is here on plaintiff's petition for further review. We reverse the Court of Appeals and reinstate the district court judgment in favor of plaintiff.

We give a brief factual background. Plaintiff is a real estate broker in Sioux City. Defendant and his wife, Darline, are the owners of a golf course there. Bonny Graham is a golf professional in Sioux City, who had left his position at the Sioux City Country Club and was seeking a new location to continue in that career.

Plaintiff appears to have conceived the idea that the golf course owned by defendant and his wife would serve this purpose. He approached defendant, who showed interest in selling. He broached the subject to Graham, who was willing to buy.

Plaintiff conducted negotiations covering a period of five or six weeks. He had several conversations with defendant and obtained two unsatisfactory offers from Graham before defendant accepted a third one calling for payment of $275,000.00.

Darline Johnson was not a party to any of these negotiations, although she owned the property jointly with defendant. This fact was not known to either Graham or plaintiff. The transaction ultimately failed because Darline refused to convey her interest.

Plaintiff sued to collect his commission from both defendant and his wife. The case was dismissed as to her. No appeal was taken from that order. We are concerned only with plaintiff's right to a commission from Leo.

On this review from the Court of Appeals, we have three issues to consider:

1. Is plaintiff's claim barred because of his alleged dual representation of both plaintiff and defendant?
2. Is there sufficient evidence to find a contract between plaintiff and defendant?
3. Does the refusal of defendant's wife, Darline, to convey her interest in the real estate defeat plaintiff's claim?

I. The Court of Appeals concluded plaintiff was not entitled to a commission because of his dual representation of Bonny Graham and Leo Johnson throughout the proceedings. Citing familiar authority to the effect that an agent who represents both parties to a contract may not recover from either unless both were aware of the circumstances and consented thereto, the Court of Appeals reversed the judgment for plaintiff.

On this petition for further review, plaintiff claims this was not an issue in the case at any time. He asserts this defense was not pled, no evidence was produced to establish it, and defendant did not argue it, either at trial or on appeal. We believe plaintiff is right.

We have searched the record for any pleading of the affirmative defense that plaintiff should not recover because of his dual representation. There is none. Defendant's answer amounted to no more than a general denial. His whole defense was that there was no contract.

A case must, of course, be taken on appeal as it comes. Issues may not be redrawn, defenses may not be first asserted, on appeal. *See DeCook v. Environmental Security Corp., Inc.*, 258 N.W.2d 721, 725

(Iowa 1977); *Foods, Inc. v. Leffler,* 240 N.W.2d 914, 919 (Iowa 1976); *Presbytery of Southeast Iowa v. Harris,* 226 N.W.2d 232, 234 (Iowa 1975), *cert. denied* 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 48 (1975); *Hanson v. Lassek,* 261 Iowa 707, 710, 154 N.W.2d 871, 873 (1968); *Ross v. Miller,* 254 Iowa 1364, 1368, 121 N.W.2d 124, 127 (1963).

The reason for the rule was never better illustrated than here. If the issue had been raised, plaintiff might have been able to show there was no dual representation; or, if there was, that it was with the knowledge and consent of both parties. As defendant did not rely on such a defense, plaintiff was not put to such proof.

■ Since the parties did not litigate this question in the trial court, an appellate court should not do so for them later. We hold that the Court of Appeals improperly considered this issue and that the reversal of judgment on that ground cannot stand.

II. The second question concerns the sufficiency of evidence to establish a contract. The Court of Appeals held the trial court erred in finding a contract had been established. Again we disagree.

In view of the trial court's findings, we need only consider if there was substantial support for the judgment. If so, the findings are binding upon us. Former Rule 344(f)(1), Rules of Civil Procedure, now Rule 14(f)(1), Rules of Appellate Procedure.

■ Construed most favorably to plaintiff, the evidence shows the initiative for this deal came from him. He was a long-time friend of Leo Johnson and knew he owned a golf course. He asked him if he would consider selling. A series of conversations between them took place, during which both price and commission were discussed.

There is testimony that plaintiff first told defendant he usually charged seven per cent as his commission. Later, defendant said he wanted $260,000.00 net and that any commission must come on top of that. In another discussion, plaintiff agreed to reduce his commission to $15,000.00. This was supported by a letter confirming plaintiff's agreement to take $15,000.00 in full satisfaction of his commission. Eventually defendant signed an offer in which he agreed to accept $275,000.00 for the property. The offer included a provision that he would pay the real estate commission. This accounts for the ultimate $275,000.00 offer which gave defendant his desired price of $260,000.00 and plaintiff the $15,000.00 commission he had agreed to take.

Defendant seems to place reliance on the absence of a written listing. An oral contract between owner and broker is valid. *Christensen v. Miller,* 160 N.W.2d 509, 510 (Iowa 1968); *Morton v. Drichel,* 237 Iowa 1209, 1210, 24 N.W.2d 812 (1946).

There was ample evidence to support the trial court's findings unless the refusal of Darline Johnson to join in the sale defeats plaintiff's claim, a matter which we now consider.

III. It is true the sale could not be completed without a conveyance of Darline's undivided interest. When Darline refused to convey, the deal was irretrievably lost.

■ However, this does not defeat the broker's claim for commission. Once he has produced a buyer ready, willing, and able to buy, on terms acceptable to the one with whom he dealt, he is entitled to a commission. The broker does not guarantee a sale. He merely provides a buyer. *Jones v. Ford,* 154 Iowa 549, 555–56, 134 N.W. 569, 571 (1912); 12 Am.Jur.2d *Brokers* § 199, p. 940 (1964); *Annot.,* 10 A.L.R.3d 665, 669 (1966).

Plaintiff's contract was with defendant, not with Darline. It was defendant who agreed to sell and to pay a commission. In doing so, defendant undertook to make good title, and a failure to do so does not defeat the broker's claim. *Weltman's, Inc. v. Friedman,* 102 F.Supp. 485, 487–88 (D.D. C.1952); *Perkins v. Willacy,* 431 P.2d 141, 144 (Alaska 1967); *Portis v. Thrash,* 216 Ark. 946, 229 S.W.2d 127, 128–29 (1950); *Reynolds v. Ashabranner,* 212 Ark. 718, 207 S.W.2d 304, 306 (1948); *McAlinden v. Nelson,* 121 Cal.App.2d 136, 262 P.2d 627–629 (1953); *Kaufman v. Haney,* 80 Cal.App.2d 249, 182 P.2d 250, 252–53 (1947); *Traxler v.*

*McLeran*, 116 Cal.App. 226, 2 P.2d 553, 554 (1931); *Chastain v. Carroll*, 307 So.2d 491, 492 (Fla.Dist.Ct.App.1975); *Roy v. Huard*, 157 Me. 477, 174 A.2d 41, 43 (1961); *Woodworth v. Vranizan*, 273 Or. 111, 539 P.2d 1055, 1058–59 (1975); *Price v. Francis*, 184 Va. 484, 35 S.E.2d 823, 825–26 (1945); *cf. Cox v. Green*, 70 So.2d 724, 725–26 (La.Ct. of App.1954).

IV. We hold the trial court was right and that the Court of Appeals erred in reversing judgment for the plaintiff.

JUDGMENT OF COURT OF APPEALS REVERSED AND JUDGMENT RENDERED IN TRIAL COURT FOR PLAINTIFF REINSTATED.