Joy Marie KOWALSKI; Paul W. Kowalski; and Joy M. Kowalski as Conservator of the Property of Philip Walter Kowalski, Plaintiffs,

v.

STATE of Iowa, Plaintiff–Appellant,

Genevieve Ginapp;
Third–Party Defendant,

and

Allied Construction Company, Inc.,
Third–Party Defendant–Appellee.

No. 88–1132.

Court of Appeals of Iowa.

Aug. 23, 1989.

Thomas J. Miller, Atty. Gen., Richard E. Mull, Asst. Atty. Gen., and Richard R. Win-

ga, of Laird, Burlington Heiny, McManigal, Walters & Winga, Mason City, for plaintiff-appellant, State.

Ross H. Sidney and Iris J. Post, of Grefe & Sidney, Des Moines, for third-party defendant-appellee, Allied.

Keith A. McKinley, Osage, for plaintiffs, the Kowalskis.

Donald E. Esser, Mason City, for third-party defendant Ginapp.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

This case stems from an automobile accident in which Joy Kowalski and her three-year-old son were injured when their southbound car was hit by a northbound car driven by Genevieve Ginapp. The accident occurred in a four-lane north-south highway which was under construction. The two southbound lanes were closed. The two northbound lanes had been altered by signing and traffic-channeling devices so that the right lane carried northbound traffic and the left lane had the southbound traffic diverted into it. At the time of the accident the northbound Ginapp vehicle crossed into the lane temporarily carrying the southbound traffic and the collision occurred.

The Kowalskis, not a party to this appeal, sued the State of Iowa alleging negligence in the State Department of Transportation's formulation of the traffic control plan used to divert the traffic in and around the construction area. The State filed cross-petitions for contribution and indemnity against Ginapp and Allied Construction Company, which was responsible for implementing the traffic control plan. At the close of the evidence, the district court granted Allied a directed verdict on the State's cross-petition. The Kowalskis received a jury verdict of $75,000 against the State.

The State's only claim of error on appeal concerns the district court's directed verdict granted to Allied. The State contends there was sufficient evidence presented to justify submitting to the jury the question of Allied's negligence in placing signs and channeling devices, and that such negligence proximately caused the accident.

■■■ Our standard of review on the granting of the directed verdict is to view the evidence in the light most favorable to the nonmoving party, i.e., the State. Iowa R.App.P. 14(f)(2). Allied is considered to have admitted the truth of all adverse evidence and all favorable inferences that may be reasonably deduced from it. *Rodgers v. Baughman*, 342 N.W.2d 801, 803–04 (Iowa 1983). We recognize that questions of fault and proximate cause are fact questions to be taken from the jury only in exceptional cases. *Johnson v. Junkmann*, 395 N.W.2d 862, 864 (Iowa 1986); Iowa R.App.P. 14(f)(10). Each element of a claim must be supported by substantial evidence. *Kurth v. Van Horn*, 380 N.W.2d 693, 695 (Iowa 1986). If reasonable minds could differ on an issue under the evidence presented, it should be submitted to the jury. *Id.*

The evidence at trial indicates the State contracted with Allied to perform certain construction work and to supply various materials on a project to remove a bridge on U.S. Highway No. 65. The contract incorporated by reference general and detailed traffic-control plans to be implemented by Allied. The language of the contract stated in relevant part "All traffic control devices shall be furnished, erected, maintained, and removed by the contractor." The traffic control plan indicated any proposed changes in the traffic control plan "shall be reviewed with the Office of Construction before changes are made." Allied subcontracted with two other companies to "place, erect, and maintain proper barricades, warning signs and other traffic-control devices on the project" pursuant to the State's specifications. The State presented evidence from which a reasonable person could conclude Allied or its subcontractors deviated from the State's traffic control plan by (1) placing a "two-way" sign on the south side rather than the north side of a frontage road, (2) uncovering a "keep right" sign that was supposed to be covered, and (3) placing the double

yellow lines indicating two-way traffic four inches instead of ten inches apart.

■ We agree with the State's contention that construction companies have a duty of care to the traveling motorist which require them to act as reasonable and prudent contractors to post necessary warnings in the areas of construction. *See Law v. Bryant Asphaltic Paving Company*, 175 Iowa 747, 157 N.W. 175 (1916). The issue then arises, did Allied's common law duty to exercise reasonable care continue to exist in addition to its contractual duties such that Allied also had a duty to place additional traffic control devices as suggested by plaintiff's expert, Jack Anderson? If so, when the jury concluded the State was partly responsible for the accident due to negligent signing, Allied should have remained a party to the suit to share in this allocation of fault.

The language of the contract indicates the State reserved the right to approve any changes to the plan as the need arose. Allied argues the State alone, had the duty to make sure reasonable traffic control devices were used by virtue of Iowa Code section 321.253 and the provisions of the contract.

■ We conclude it was a proper fact question for the jury to determine whether or not Allied continued to owe the traveling public a duty to provide reasonable traffic control devices in addition to its contractual duty to implement the State's plan. Such a duty could be found pursuant to an ongoing common law duty as stated in *Law*, certain provisions of the contract, or certain sections of the Iowa Manual on Uniform Traffic Control Devices. *See generally Farris v. General Growth Development Corporation*, 354 N.W.2d 251 (Iowa App.1984) (nondelegatable duty of general contractor to provide reasonably safe work place for employees); and *Giarratona v. Weitz Co.*, 259 Iowa 1292, 147 N.W.2d 824 (Iowa 1967).

■ As mentioned earlier, the facts do support a finding Allied deviated from the State's traffic control plan in three instances. Ms. Ginapp testified she had no recollection of the accident. She had driven north on the same section of the highway the afternoon before the accident. At that time both of the northbound lanes and one southbound lane were open. Other witnesses testified they noticed the double yellow lines on the road where the accident took place. The accident occurred approximately one-fourth of a mile beyond the uncovered "keep right" sign. Witnesses also testified the change in the double yellow lines had been okayed by the State and it was the State who placed the stake upon which Allied attached the "two-way" sign at issue. Given our standard of review, we conclude the issue of Allied's negligence in regard to these deviations from the plan and the proximate cause issue is best left to the jury.

Accordingly, we reverse the district court's grant of a directed verdict and remand for a new trial.

REVERSED AND REMANDED FOR NEW TRIAL.