Rosemary L. DERGO, Appellee,

v.

Sophia J. KOLLIAS, Appellant.

No. 96–96.

Court of Appeals of Iowa.

May 29, 1997.

Kyle D. Williamson of Wells, Bowman and Smith, Davenport, for appellant.

Robert P. Swanson of Huntoon, Nowinski & Swanson, Ltd, Moline, IL, for appellee.

Heard by SACKETT, P.J., and CADY, and STREIT, JJ., but decided en banc.

CADY, Judge.

This is an appeal from the district court order granting specific performance of a real estate contract. On our de novo review, we find specific performance is not supported by the evidence and reverse the decision of the district court.

Sophia Kollias owned a home in Davenport, Iowa. She listed it for sale with a real estate agent and received a written offer from Rosemary Dergo. The offer required acceptance upon presentment, and was subject to a zoning change for commercial use. Kollias accepted the offer. She understood the buyer wanted to build a nursing home for the elderly.

Kollias later learned Dergo was merely acting as an agent for a group of individuals who owned the property located next to the Kollias property. An Eagle Food Store was located on this property. Dergo was an employee of a company operated by two of the owners of the Eagle Food Store property.

The rezoning was not completed by the time of the scheduled real estate closing. Dergo, nevertheless, requested to close. Kollias claimed the failure to rezone was an unsatisfied condition precedent which excused her from performance under the contract. She refused to close.

Dergo filed a petition for specific performance. The district court granted the petition following a hearing.

Kollias appeals. She claims the buyer's failure to perform the condition precedent relieved her from her contractual obligation to sell. She also claims specific performance was not justified because the identity of the real purchaser was concealed from her.

### I. Waiver of Condition Precedent

Parties to a contract may waive a condition precedent to their performance of an obligation under the contract when the condition exists for their sole benefit and protection. *Rodgers v. Baughman,* 342 N.W.2d 801, 806 (Iowa 1983). The waiving party may then compel performance by the other party to the contract who has no interest in the performance or nonperformance of the condition. *Id.*

Although the question whether a condition precedent exists for the sole benefit of the buyer is one of fact, some conditions normally have no benefit or interest to the seller. An example is an offer to purchase property subject to the buyer's ability to sell other property owned by the buyer. *See id.* Similarly, we think an offer to purchase property subject to rezoning typically exists for the sole benefit of the buyer. We are unable to find any facts to reasonably conclude the seller in this case had any interest in the condition precedent. She had no personal or financial interest in the contemplated commercial construction on the property. Her sole interest was to sell the property. We agree with the finding of the district

court. Dergo waived the condition precedent.

## II. Specific Performance

Specific performance is not granted unless based upon equity and good conscience, and unless the agreement was entered into without misapprehension or misrepresentation. *Vermeulen v. Meyer*, 238 Iowa 1033, 1042–43, 29 N.W.2d 232, 237 (1947). Thus, when the identity of the buyer is concealed from a seller through an agent acting on behalf of an undisclosed principal, equity will refuse specific performance. *Id.* at 1036, 29 N.W.2d at 234. This is because parties to a contract have a right to know with whom they are dealing unless they consent to deal with an agent on behalf of an undisclosed principal. *Id.*

Dergo acknowledges a seller's right to know the true identity of the buyer, but asserts the nondisclosure in this case did not constitute misapprehension or misrepresentation. She points out, as did the trial court, there were no affirmative misrepresentations and Kollias suffered no harm as a result of the undisclosed principal. The trial court found Kollias placed no reliance on the identity of the buyer at the time the contract was made and only wanted to later rescind the contract because she felt she could have negotiated a higher contract price had she known the real buyer.

We recognize the general proposition that the mere nondisclosure of the real purchaser to a land contract is insufficient to deny specific performance when the personality of the buyer was not important to the seller or there was no evidence the seller suffered any loss by reason of the nondisclosure. 71 Am.Jur.2d *Specific Performance* § 51 (1973). However, our long-standing prior appellate decisions appear to depart from this general proposition. In Iowa, a party has the right to rely upon representations made as to the identity of the other party to the contract, and, if deceived by such representations, is entitled to resist specific performance on this ground alone. *New York Brokerage Co. v. Wharton*, 143 Iowa 61, 66, 119 N.W. 969, 971 (Iowa 1909). Moreover, the actual reasons a seller may have for refusing to complete the contract after discovering the true identity of the buyer are not material even if the reason is to merely get the largest sum possible for the property. *Ellsworth v. Randall*, 78 Iowa 141, 145, 42 N.W. 629, 630 (1889). Furthermore, it is unimportant the seller may actually be indifferent to the identity of the buyer or the seller was not prejudiced by the change in the buyer. *Id.* The right of a seller to know the buyer is clear, and the failure to disclose an unknown principal is grounds for denying specific performance. *See Vermeulen*, 238 Iowa at 1036, 29 N.W.2d at 234; 81 C.J.S. *Specific Performance* § 79 (1977).

We also think it is important in this case that Kollias was an extremely unsophisticated seller. She had a third-grade education and was given no opportunity to consider the offer or discuss it with family members. Although Dergo never met Kollias before the transaction and had no conversations with her, she clearly represented to Kollias in the written offer she was the purchaser. This representation was not true. The written offer and acceptance did not contain an assignment clause or a consent to act on behalf of an undisclosed principal.

We review requests for specific performance de novo. *Breitbach v. Christenson*, 541 N.W.2d 840, 843 (Iowa 1995). Specific performance is not granted as a matter of right, but is within our discretion. *Id.* It is to be granted only in extraordinary cases, in which irreparable harm will result. *Id.* It should be denied when it would produce injustice. *Id.*

We conclude specific performance should be denied. Kollias was denied her right to know the true identity of the buyer. It would be unjust to require performance under the circumstances of this case. We do not suggest our laws require a principal to be disclosed. Specific performance, however, was the remedy sought. It is an equitable doctrine, which is inappropriate under the facts of this case.

We reverse the decision of the district court and remand the case for entry of judg-

ment for Kollias. Costs are assessed to Dergo.

**REVERSED.**

All judges concur except HABHAB, C.J., and STREIT, J. who dissent.

HABHAB, Chief Judge, concurring in part; dissenting in part.

I concur with Division I of the majority opinion, but dissent as to Division II. As to that division, I agree with the majority's discussion of the law on specific performance relating to undisclosed principals, and only disagree as to the result reached.

Specific performance is not granted as a matter of right, but rests within our sound discretion. *Breitbach v. Christenson,* 541 N.W.2d 840, 843 (Iowa 1995). Our review is de novo. *Id.* After careful review of the record, I would affirm the trial court.

A general statement of the law relating to undisclosed principals is found at 71 Am. Jur.2d *Specific Performance* § 51, at 77 (1973):

> There are numerous decisions which support the general proposition that mere nondisclosure of the fact that one of the parties to a land contract was acting for a third person as the real purchaser of the land is not sufficient for the denial of specific performance of the contract by or on behalf of such third person, at least where it does not appear that the personality of the party dealt with was of importance to the other party, or that he suffered any loss or injury by reason of such nondisclosure, assuming, of course, that no fraud was involved.... But where the nondisclosure is more than mere concealment and amounts to affirmative misrepresentative, equity has refused specific performance of such contracts.

The cases in Iowa that have touched on the issue before us are cited in the majority opinion. In *New York Brokerage Co. v. Wharton,* 143 Iowa 61, 119 N.W. 969 (Iowa 1909), the trial court decreed specific performance. However, on appeal the supreme court reversed. It determined the plaintiff intentionally deceived the defendant in a number of respects including misrepresenta-

tion by the plaintiff as to the quality and pricing of goods included in the sale, the terms of the contract itself, and the negotiating seller's representation that he owned the quantity of goods included in the sale.

In *Wharton* the conduct of the plaintiff throughout the sale proceedings led to its own downfall. It is clear that specific performance could not be granted. The supreme court stated:

> The foregoing discussion will suffice to disclose our view of the general merits of the case. The evidence is somewhat voluminous, and it would extend this opinion too much to discuss it in greater detail. Specific performance is, at most, a matter of large and just discretion of the court. It is not a matter of strict right to a plaintiff. It is an extraordinary remedy, and will never be awarded unless the court can give the approval of its conscience to the contract presented.

*Id.,* 143 Iowa at 69, 119 N.W. at 972 (citations omitted).

The same reasoning as employed in *Wharton* exists in *Vermeulen v. Meyer,* 238 Iowa 1033, 29 N.W.2d 232 (1947). Like in *Wharton,* the facts in *Vermeulen* indicate various instances of fraud and misrepresentation. The defendant relied on the representations of her real estate agent. The realtor could have received more for the defendant's property than he represented. The realtor's brother-in-law then purchased the property for an amount less than another offer the realtor's firm had before it. In denying specific performance, the supreme court held that to enforce the contract for the sale of the property would work a hardship and injustice upon the defendant. The supreme court reached the same conclusion in *Ellsworth v. Randall,* 78 Iowa 141, 42 N.W. 629 (1889), cited by the majority.

From my review of the cases relied upon by the majority, each contains language to the effect that a seller has the right to know his or her buyer. However, none of those cases were resolved on that ground. The supreme court considered all of the facts and circumstances of each case, including the factor of undisclosed principal.

Thus, in the case before us, even after taking into consideration the fact that the true identity of the buyer was not disclosed to the seller, I believe the trial court appropriately granted specific performance. The seller listed the property for sale with the real estate agent. The offer was subject to a zoning change for commercial use. The seller accepted the offer subject to this condition. As the majority found under Division I of its opinion, the seller's sole interest was to sell the property. There were no affirmative misrepresentations nor was the personality of the party dealt with of importance. In addition, I am unable to find that the seller suffered any loss or injury by reason of such nondisclosure.[1]

I would affirm the trial court.

STREIT, J., joins this partial dissent.

1. From my review of the record, I do not find the seller is asserting that the realtor she listed her property with knew the true identity of the buyer and that the realtor could have negotiated a higher selling price. If that were the case, it certainly would be a meaningful factor in determining whether specific performance should be granted.