**PICKETT et ux. v. BISHOP.**

No. 5956.

Court of Civil Appeals of Texas. Amarillo.

March 14, 1949.

Rehearing Denied April 11, 1949.

W. A. Hawkins, of Fort Worth, for appellants.

Warlick, Bunnenberg & Douglas, of Vernon, for appellee.

PITTS, Chief Justice.

Appellee, John T. Bishop, gave an exclusive sixty day listing in writing to appellants, W. S. Pickett and wife, licensed real estate brokers, authorizing them to sell for him 20.709 acres of land situated in Tarrant County, Texas, for which services appellee agreed to pay appellants a 5% commission. Appellants have filed suit against appellee claiming damages in the nature of a real estate commission in the sum of $925 because of the alleged breach of the brokerage contract by appellee.· They alleged that while the contract was in full force, appellee sold the said land through the efforts of another broker and thus breached his contract with them by making it impossible for them to perform the terms of the contract he had made with them.

Appellee excepted to appellants' pleadings, contending that there was not a sufficient description of the land given in the purported listing contract to make the same valid and enforceable under the law. The trial court sustained appellee's exception. Appellants refused to amend their pleadings, as a result of which the case was dismissed by the trial court and an appeal has been perfected from the order of dismissal. The controlling issue to be determined by us is whether or not the description of the land given in the listing was sufficient to meet the requirements of the law in such cases.

Appellants pleaded and copied the brokerage contract, showing its date and terms and that appellee claimed ownership of the land in question which was described as follows, to wit:

"20.709 acres out of the John Stephens 640 acre survey in Tarrant County, Texas." ·

Under the provisions of Section 22, Article 6573a, Vernon's Annotated Civil Statutes, a brokerage contract for the sale of real estate is not binding on the parties thereto unless the same is reduced to writing, or a memorandum thereof is made, and signed in either event by the party listing the land or his agent. This court has held that in determining the sufficiency of the description of the land contained in the contract of employment in a case such as this, the rules governing the construction of Article 3995, Vernon's Annotated Civil Statutes, apply. Dickson v. Kelley, Tex.Civ. App., 193 S.W.2d 256; Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203; see also Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776.

In construing the provisions of Article 3995 in the case of Wilson v. Fish-

er, 144 Tex. 53, 188 S.W.2d 150, the Supreme Court held that in an action for damages by reason of the breach of a contract such as this the written agreement or memorandum required by the statute must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties. The court further held that the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol, but the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. The court gave Article 3995 the same construction in the case of Starkey v. Texas Farm Mortg. Co., Tex.Civ.App., 45 S.W.2d 999, 1000, writ refused. In the latter case the description of the land was as follows:

"60 acres of land out of the Cyrus Sullivant Survey in Hill County, Texas."

The court there held the description of the land was insufficient to meet the requirements of the law. Compare that description with the description of the land in the instant case:

"20.709 acres out of John Stephens 640 acre survey in Tarrant County, Texas."

In the instant case such is all the description given of the land in question and the listing makes no reference to any other existing writing for any further description of the land. Under the authorities cited and numerous others supporting such a rule, it is our opinion that the description of the land as given in the brokerage contract in the instant case was insufficient to meet the requirements of the law and we further cite the case of Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257, by Justice Hickman of the Commission of Appeals in support of our position. It is therefore our opinion that the trial court properly sustained appellee's exception to appellants' pleadings and properly dismissed the cause of action when appellants refused to amend their pleadings. Other issues are presented on this appeal but they are not material in view of the disposition made by us of the first point of error presented and they will not therefore be considered by us.

For the reasons stated the judgment of the trial court is affirmed.