## W. S. PICKETT ET AL V. JOHN T. BISHOP.

No. A-2235. Decided October 5, 1949.
(223 S. W., 2d Series, 222.)

208

W. A. *Hawkins,* of Fort Worth, for petitioners.

*Warlick, Bunnenberg & Douglas,* of Vernon, for respondents.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The principal question in this case is that of the sufficiency of the description of land contained in a memorandum in writing signed by respondent Bishop, the owner, authorizing petitioners Pickett and wife as real estate dealers to sell the land for a commission. The trial court's judgment dismissing petitioners' suit, after sustaining special exceptions to the petition, was affirmed by the Court of Civil Appeals. 219 S. W. (2d) 732.

The body of the memorandum signed by respondent describes the land as "my property described on the opposite side hereof",

and the petition alleges that on the reverse side of the memorandum appears the following: "20.709 acres out of John Stephens 640 acres survey in Tarrant County, Texas."

Section 22 of The Real Estate Dealers License Act, being a part of the Acts of the Regular Session of the 46th Legislature, pp. 560, 576 (Vernon's Annotated Civil Statutes, Article 6573a) provides that no action shall be brought for the recovery of a commission for the sale or purchase of real estate "unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized."

■ We approve the holding made in several decisions of the courts of civil appeals that, because the wording of the above quoted part of Section 22 of The Real Estate Dealers License Act is substantially the same as the wording of the first paragraph of Article 3995, the statute of frauds, the established rules governing the construction of Article 3995 should be applied in determining the sufficiency of the description of the land in the memorandum in writing required by Section 22 of The Real Estate Dealers License Act. Dunn v. Slemons, 165 S. W. (2d) 203; Volkmann v. Wortham, 189 S. W. (2d) 776; Dickson v. Kelley, 193 S. W. (2d) 256; Shook v. Parton, 211 S. W. (2d) 368; Lyon v. Harmon, 212 S. W. (2d) 491.

■■ The Court of Civil Appeals in this case, without taking into consideration the words "my property" in the body or face of the memorandum, and treating the words on the back of the memorandum as the description of the land, held that the memorandum was insufficient for want of proper description. Its decision would have been correct had the only description of the land been that appearing on the back of the memorandum, which is "20.709 acres out of John Stephens 640 acre survey in Tarrant County, Texas." Smith v. Sorelle, 126 Texas 353, 87 S. W. (2d) 703; Francis v. Thomas, 129 Texas 579, 106 S. W. (2d) 257; Wilson v. Fisher, 144 Texas 53, 188 S. W. (2d) 150; Greer v. Greer, 144 Texas 528, 191 S. W. (2d) 848. But the words "my property" in the body of the instrument are not to be ignored. Looking both to those words and to the further description on the back of the memorandum the land to which the memorandum relates is described by it as my property, being 20.709 acres of land out of the John Stephens 640 acre survey in Tarrant County, Texas, or my 20.709 acres out of the named survey.

The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such words as "my property", my land, or "owned my me", is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum. Ragsdale v. Mays, 65 Texas 255; Morrison v. Dailey (Tex. Sup.) 6 S. W. 426; Hermann v. Likens, 90 Texas 448, 39 S. W. 282; Vineyard v. O'Connor, 90 Texas 59, 36 S. W. 424; Taffinder v. Merrell, 95 Texas 95, 65 S. W. 177; Sanderson v. Sanderson, 130 Texas 264, 267, 109 S. W. (2d) 744; Beaton v. Fussell, 166 S. W. 458; Spalding v. Smith, 169 S. W. 627, application for writ of error refused; Ellett v. McMahan, 187 S. W. (2d) 253. The stated ownership of the property is in itself a matter of description which leads to the certain identification of the property and brings the description within the terms of the rule that "the writing must furnish *within itself,* or by reference to some other existing writing, *the means or data* by which the particular land to be conveyed may be identified with reasonable certainty." (Emphasis added.) Wilson v. Fisher, 144 Texas 53, 56-57, 188 S. W. (2d) 150.

■ The Court was careful to point out in the case last cited that the writing there considered did not specifically indicate that the seller owned the property, saying in that connection that ownership becomes an important element where the identity of the property is doubtful. It refused to indulge the inference that the seller was the owner of the property, because her ownership was not necessarily to be inferred from the fact that she contracted to sell it. 144 Texas 53, 56, 60, 188 S. W. (2d) 150.

In our opinion the trial court erred in sustaining the special exception directed to the sufficiency of the description contained in the memorandum.

■ In sustaining another special exception the trial court held that the plaintiffs' petition is insufficient because it does not allege that they could and would have sold the property had it not been for the defendant's alleged breach of the contract. This question of law was presented in appellants' brief in the Court of Civil Appeals, but was not decided by that Court.

By the terms of the memorandum copied in the petition the defendant appointed the plaintiffs his exclusive agents for a period of sixty days to sell his property, agreeing to pay them

a cash commission of five per cent. The petition alleges that the plaintiffs began a course of advertising the property, showed it to a number of prospective purchasers, and in other ways exerted themselves to make a sale, and that they would have continued their efforts to sell and the expenditure of money to advertise the property until it was actually sold, but for the defendant's breach of the contract; and that the defendant, before the expiration of the sixty days period and without the knowledge of the plaintiff, sold the property through another real estate agent. The suit is for damages on account of the defendant's alleged breach of the contract.

In our opinion the second special exception should have been overruled. Proof of the allegations contained in the petition would prima facie make a case for the plaintiffs. "If the plaintiff could not or would not have performed the contract, regardless of its breach by the defendants, it was incumbent upon them to make the proof." Park v. Swartz, 110 Texas 564, 566, 222 S. W. 156.

The judgments of the Court of Civil Appeals and the district court are reversed and the cause is remanded to the district court.

Opinion delivered October 5, 1949.

No motion for rehearing filed.