Frank BUTLER, Appellant,

v.

Ricky J. BENEFIELD and Terri D. Benefield, Appellees.

No. 20081.

Court of Civil Appeals of Texas, Dallas.

Oct. 9, 1979.

Rehearing Denied Nov. 7, 1979.

W. Lawrence Evans, Kennedy, Minshew, Evans, Campbell & Cain, Sherman, for appellant.

W. Wayne Shirley, Weisberg, Shirley, Bamburg & Weisberg, Denison, for appellees.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

Plaintiffs Ricky J. Benefield and Terri D. Benefield, husband and wife, sought to recover damages and attorney's fees for defendant's failure to comply with the terms of a contract for the sale of real estate. Defendant Frank Butler appeals from the adverse judgment of the trial court that was based as to liability on a partial summary judgment, and as to damages and attorney's fees on jury findings. We reverse and remand for trial on the issue of liability, but we do not disturb the findings on damages and attorney's fees.

On February 27, 1978, plaintiffs and defendant completed a contract for the sale of "415 Holley, Sherman, Texas" for $19,500. Thereafter Grayson County Abstract Company added a legal description of the property to the contract. On March 1, 1978, an agent of the plaintiffs contacted defendant to arrange for plaintiffs to take possession of the property by March 10, 1978, although the contract provided for possession to be taken thirty days after closing. Defendant considered this a breach by the plaintiffs and, consequently, returned plaintiffs' earnest money, notifying them that he would not go through with the sale. Subsequent to plaintiffs' filing of this suit, defendant discovered that he did not own full title to

the property in question; rather, his son owned one-half undivided interest that he had inherited upon the death of defendant's wife in 1977. Both parties filed motions for summary judgment and supporting affidavits. Defendant's motion was denied, and plaintiffs' motion was granted on the question of liability. Trial was had before a jury on the issues of damages and attorney's fees, resulting in judgment for plaintiffs.

Defendant's first two points of error contest the legal sufficiency of the description "415 Holley, Sherman, Texas." In *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945) the court stated that a property description must furnish the means or data by which the land in question can be identified with "reasonable certainty" in order to satisfy the statute of frauds. *Id.* at 56–57, 188 S.W.2d at 152. The purpose of a description is to "afford a means of identification," not necessarily to identify. *Krueger v. W. K. Ewing Co.*, 139 S.W.2d 836, 839 (Tex.Civ.App.—El Paso 1940, no writ). Thus, a street address or a commonly-known name for property may be sufficient if there is no confusion. *See A. A. A. Realty Co. v. Neece*, 292 S.W.2d 811, 815 (Tex.Civ.App.—Fort Worth 1956) ("Catalina Motel, 1409 East Scott Street, Wichita Falls, Texas," sufficient when vendor owned only one Catalina Motel in Wichita Falls), *aff'd*, 156 Tex. 614, 299 S.W.2d 270 (1957); *Krueger v. W. K. Ewing Co.*, 139 S.W.2d at 839 ("San Gabriel Apartments" sufficient when building so known for twelve years and date line of offer to purchase listed San Antonio, Texas); *Sorsby v. Thom*, 122 S.W.2d 275, 277 (Tex.Civ.App.—Galveston 1938, writ dism'd) ("Rock Island Plantation" sufficient when property so known for twenty-five years and all transactions occurred in Hempstead, Texas). Each of the descriptions set out above furnished sufficient means of identifying the property, when considered with the aid of tendered extrinsic proof. In *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222 (1949) the supreme court stated that even a description using the words "my land," "my property," or "owned by me" to indicate a particular tract within a more general area is sufficient if supported by extrinsic evidence that that party owned only one tract fitting the description in the contract. *Id.* at 210, 223 S.W.2d at 223. When, however, from the description given, it is reasonably possible to locate more than one tract of land fitting that description, the statute of frauds is not satisfied. *See* Tex.Bus. & Comm.Code Ann. § 26.01 (Vernon 1968 & Supp. 1978–1979). For example, insufficient descriptions have been found when an uncertain area is excepted from a more definitely described plot, *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945), when a specific number of acres, without further description, is conveyed out of a larger, definitely described tract, *e. g., Burrows v. Seale*, 148 Tex. 411, 225 S.W.2d 966 (1950); *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222 (1949); *Mauro v. Wildwood Co.*, 426 S.W.2d 322 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.), and when a street address is listed and the vendor owned another nearby property, *Friedlander v. Christianson*, 320 S.W.2d 404 (Tex.Civ.App.—Houston 1959, no writ). In light of this discussion, we find that it is not possible to determine as a matter of law whether "415 Holley, Sherman, Texas" is a sufficient description. The trial court should have heard extrinsic evidence on this point. Accordingly, the summary judgment on liability must be reversed and the case remanded for trial on this issue.

Although defendant's third and fourth points of error also relate to the summary judgment, we address them because they concern questions of law. These points challenge the certainty of the contract of sale in that it allegedly does not set out an agreement as to the terms of payment of the consideration. Whether an ambiguity exists in a contract is a question of law. *Skyline Furniture, Inc. v. Gifford*, 433 S.W.2d 950, 954 (Tex.Civ.App.—El Paso 1968, no writ). All terms of payment of a contract need not appear in the memorandum, *Morrison v. Dailey*, Tex., 6 S.W. 426, 427 (Tex.1887); however, in the contract now before us, all terms appear to be present.

The pertinent provisions of the contract are as follows:

The purchase price is *$19,500.00*, payable as follows: $ Cash (of which Purchaser has deposited with the undersigned Agent *$200.00* as part payment, receipt of which is hereby acknowledged by said Agent);

. . . . .

*Purchaser will Obtain a Loan At Sherman Savings.*

. . . . .

The said executed note to be secured by Vendor's Lien and Deed of Trust with power of sale and with the usual covenants as to taxes, insurance and default. [emphasis indicates typewritten material]

It is clear from the four corners of this document that the balance after deducting the $200.00 deposit was to be paid in cash from proceeds of the loan at Sherman Savings. The trial court was correct in finding as a matter of law that no ambiguity existed.

Defendant's fifth and sixth points of error relate to evidentiary points in the summary judgment. Since new evidence will be taken at the trial of the liability issue, we do not address these points.

■ Defendant's seventh and eighth points of error challenge the measure of damages applied by the trial court. Defendant argues that since he did not have a full fee title at any time relevant to this action, plaintiffs should only recover their purchase money paid, plus interest. If defendant had refused to perform the contract because he learned of his inability to convey a full fee title we would have a different question. Here, however, there is no dispute that defendant refused to perform because of his conversation with the plaintiffs' agent on March 1, 1978. Defendant thereafter willfully refused to convey the property in question to plaintiffs.

In *Nelson v. Jenkins*, 214 S.W.2d 140 (Tex.Civ.App.—El Paso 1948, writ ref'd) the vendor refused to perform an executory contract for sale of homestead land because the contract did not have a provision he desired and because he lacked the ability to convey full title, in that his wife refused to sign the contract. The court of appeals stated that the lack of the desired contract provision appeared to be the controlling reason for the vendor's failure to convey. Thus, the lack of an honest effort by the vendor to perform the contract and his willful intention to breach it amounted to a lack of good faith. As a result the court found that the vendee was entitled to the benefit of his bargain. *Id.* at 144; see *Roberts & Corley v. McFaddin, Weiss & Kyle*, 74 S.W. 105, 110 (Tex.Civ.App.—1903, no writ). The benefit of one's bargain is measured by the difference between the market value of the land at the time of the breach and the contract price. *Roselawn Cemetery, Inc. v. Martin*, 415 S.W.2d 442, 445 (Tex.Civ.App.—San Antonio 1967, no writ); *Elliott v. Henck*, 223 S.W.2d 292, 295 (Tex.Civ.App.—Galveston 1949, writ ref'd n. r. e.). We conclude that *Nelson* controls under the fact situation of the present case and, therefore, the trial court did not err in the measure of damages applied.

■ Since the state of defendant's title is immaterial to the measure of damages in this case, the trial court properly excluded defendant's testimony as to this matter. Defendant's ninth point of error complaining of this exclusion is therefore overruled.

Defendant next claims the trial court improperly admitted testimony as to attorney's fees based on matters to which defendant was prohibited from referring by virtue of plaintiffs' motion in limine. This court is unable to determine, from defendant's brief and the record before us, what the prohibited subject matter was to which defendant refers. No abuse of discretion by the trial judge has been shown. Additionally, adequate testimony exists in the record to support the jury's findings.

On the basis of the errors raised in his prior points, defendant, in his eleventh point of error, argues that attorney's fees were improperly awarded since no valid

claim existed as required by the Texas statute providing for recovery of attorney's fees. Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1978–1979). This argument is without merit. Liability based on some type of valid claim must be found before any award of damages or attorney's fees can be granted. The emphasis of article 2226 is on the type of suit for which recovery of attorney's fees may be had, rather than the validity of the claim. *See id.*

Accordingly, the judgment will not be disturbed on the issue of damages and attorney's fees, but it will be reversed on the issue of liability and remanded for trial as to that issue. The trial court is instructed to try that issue and, if it determines that defendant is liable, to render judgment for plaintiff for the damages and attorney's fees heretofore found, together with any additional attorney's fees that may be established. If the court determines that defendant is not liable, it is instructed to render judgment that plaintiff take nothing.

Affirmed in part; reversed and remanded for trial in part.