**George Arthur HENDERSON, Jr., Appellant,**

v.

**William Isaac PRIEST, Jr. et al., Appellees.**

**No. 20049.**

Court of Civil Appeals of Texas, Dallas.

Dec. 12, 1979.

Robert W. McLaughlin, Dallas, for appellant.

Larry F. Amerine, Jeffrey A. Hage, Biggers, Beasley, Amerine & Earle, Dallas, for appellees.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Appellant sued to recover one-half interest in realty conveyed to appellees by his former wife after their divorce decree became final. Appellant's single point of error is "the trial court committed reversible error in finding that appellees Priest are the owners in fee of all the property subject

of this lawsuit." He argues that the divorce decree in question did not divest him of his one-half interest because the description of the property is indefinite, and therefore his ex-wife's warranty deed to appellee Priest conveyed only one-half interest in the subject property. We disagree and affirm.

The realty in question was community property of appellant and his former wife. The divorce decree recited:

> Petitioner is awarded the following as her sole and separate property, and Respondent is hereby divested of all right, title and interest in and to such property: (1) . . .; (2) House and lot at 1308 Seminole, Richardson, Texas; (3) All household furniture, furnishings and appliances situated in *the parties' home* at 1308 Seminole, Richardson, Texas, . . . ." [Emphasis added.]

Appellant did not appeal from the divorce decree but accepted all of the other property awarded him. After his former wife delivered to the Priests her warranty deed describing this property with particularity, appellant brought this action. Appellant relies on several cases to support his contention that the decree is without a definite description and therefore void as a conveyance of the property in controversy. *E. g., Bingham v. Boles,* 458 S.W.2d 99 (Tex.Civ. App.—El Paso 1970, writ ref'd n. r. e.); *Burrage v. Hunt Production Co.,* 114 S.W.2d 1228 (Tex.Civ.App.—Dallas 1938, writ dism'd). In our case, unlike those cited, the decree has been shown by extrinsic evidence to apply to a definite tract of land.

Appellant argues that a divorce decree which describes real estate by street name and number only is legally inadequate to pass title and is ineffective as a conveyance. We disagree because the divorce decree also refers to 1308 Seminole, Richardson, Texas, as "the parties' home." This description is sufficient, when it is shown by extrinsic evidence that only one tract of land can meet the description. *Pickett v. Bishop,* 148 Tex. 207, 223 S.W.2d 222, 224 (1949); *Wolfe v. Brown,* 340 S.W.2d 851, 854 (Tex.Civ.App. —Waco 1960, no writ). *See Butler v. Bene-*field, 589 S.W.2d 778 (Tex.Civ.App.—Dallas 1979, no writ). In *Pickett* the court stated, at page 224,

> The stated ownership of the property is in itself a matter of description which leads to the certain identification of the property and brings the description within the terms of the rule that "the writing must furnish *within itself,* or by reference to some other existing writing, *the means or data* by which the particular land to be conveyed may be identified with reasonable certainty." [Emphasis added.] *Wilson v. Fisher,* 144 Tex. 53, 56–57, 188 S.W.2d 150, 152.

Evidence presented at this trial consisted of appellant's Exhibit 3, a deed of trust which describes the property at 1308 Seminole, Richardson, Texas, by lot, block, and reference to map records of Dallas County, Texas. Moreover, appellant's former wife testified that she and appellant have only owned one piece of property, their home at 1308 Seminole, Richardson, Texas. Appellees also introduced appellant's answers to requests for admission of facts which establish that the subject property was the only real property owned by him and his wife at the time of the decree.

Appellant argues that an uncertain description of property cannot be cured by extrinsic evidence offered in a subsequent proceeding in a different court. He contends the pleadings and evidence in the divorce proceeding must provide the extrinsic evidence to make the description definite, or the conveyance in the divorce decree is void and cannot be made valid in a subsequent proceeding. We agree that a void instrument is not made valid by extrinsic evidence in a subsequent proceeding such as this one. We hold, however, this divorce decree is not void as a conveyance as it contains within itself the *means or data,* by which the particular real property conveyed was subsequently identified with reasonable certainty.

Our former opinion is withdrawn and this opinion is substituted. The motion for rehearing is overruled and the judgment is affirmed.