**APEX FINANCIAL CORPORATION, Appellant,**

v.

**Albert GARZA and GTE Directories Corporation, n/k/a Verizon Directories Corporation, Appellees.**

No. 05–02–00872–CV.

Court of Appeals of Texas, Dallas.

Jan. 21, 2004.

Rodney L. Hubbard, Michael R. Boling, Dallas, for Appellant.

Jerome Neal Stein, Landon & Stein, LLC, Cleveland Guy Clinton, Looper, Reed, Mark & McGraw, Dallas, for Appellee.

Before Justices MOSELEY, LANG, and LAGARDE.[1]

## OPINION

Opinion by Justice MOSELEY.

Apex Financial Corporation appeals the trial court's judgment following a non-jury trial declaring that Albert Garza has superior right, title, and interest in certain real property as against Apex, that Apex take nothing against GTE Directories Corporation, n/k/a Verizon Directories Corporation ("Verizon"), and awarding attorneys' fees to Garza and Verizon against Apex. In five issues, Apex claims the evidence is insufficient to support the trial court's judgment, and that the trial court incorrectly applied the law to the facts, erred in admitting certain evidence, and erred in awarding attorneys' fees. We affirm the trial court's judgment.

On July 23, 1997, Terry LaCrosse signed a quitclaim deed to Garza of the real property at the center of this dispute. That property is located at 2330 Hardwick, Dallas, Texas (the "property"). The quitclaim deed described the property only by the street address. The quitclaim deed was not recorded until April 10, 2000. On November 30, 1999, Verizon obtained a money judgment against LaCrosse in a separate lawsuit. At that time, LaCrosse was the record owner of the property. The record does not indicate when Verizon filed an abstract of its judgment. Verizon had a writ of execution issued and levied on the property and a sheriff's sale was conducted on April 4, 2000. Apex was the highest bidder at the sheriff's sale, paid valuable consideration, and received a sheriff's deed to the property. Apex later evicted Garza from the property.

Garza filed suit against Apex seeking a declaratory judgment to determine the rights and interests of the parties to the property and for his attorneys' fees. Apex filed a third-party action against Verizon seeking a declaratory judgment that if the sheriff's sale was set aside, Apex be reimbursed for the purchase price, costs, and its attorneys' fees. After a non-jury trial, the trial court, without voiding the sheriff's deed: (1) declared that Garza had a superior right to the property as against Apex and that Apex had no right, title, or interest in the property; (2) ruled that Apex take nothing against Verizon; and (3) awarded attorneys' fees to Garza and Verizon against Apex and conditional attorneys' fees to the prevailing party in the event of appeals to this Court and to the Texas Supreme Court. The trial court

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

filed findings of fact and conclusions of law.

In its first issue, Apex argues the evidence is insufficient to support the trial court's judgment. Apex does not identify whether this is a legal or factual sufficiency challenge, and identifies no standard of review. Because Apex asks us to reverse the trial court's judgment and render judgment in its favor, we interpret the issue as raising a legal sufficiency point. *See Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex.1986) (where legal sufficiency point is sustained, appellate court should reverse and render).

We apply the appropriate standard of review for findings of fact and conclusions of law filed after a nonjury trial with a complete reporter's record. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994); *Ashcraft v. Lookadoo*, 952 S.W.2d 907, 910 (Tex.App.-Dallas 1997), *pet. denied*, 977 S.W.2d 562 (Tex.1998) (per curiam). We do not review a trial court's conclusions of law for factual sufficiency. *Ashcraft*, 952 S.W.2d at 910. Rather, we evaluate them independently, determining whether the trial court correctly drew the legal conclusions from the facts. *Dallas Morning News v. Board of Trustees*, 861 S.W.2d 532, 536 (Tex.App.-Dallas 1993, writ denied). However, incorrect conclusions of law will not require a reversal if the controlling findings of fact will support the judgment under a correct legal theory. *See Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ).

Apex claims it is a bona fide purchaser of the property without notice of Garza's claim of ownership under the unrecorded quitclaim deed. A purchaser at an execution sale can qualify as a bona fide purchaser if the purchaser would have been considered a bona fide purchaser had the sale been made voluntarily and in per-

son by the judgment debtor. TEX. CIV. PRAC. & REM.CODE ANN. § 34.046 (Vernon 1986). An unrecorded conveyance of real property is void as to a creditor or to a subsequent purchaser for value without notice of the claim. TEX. PROP.CODE ANN. § 13.001(a) (Vernon Supp.2004). A creditor's lien takes priority over an unrecorded deed, unless the creditor has notice of the deed at or before the time the lien attaches to the property. *Gibralter Sav. Ass'n v. Martin*, 784 S.W.2d 555, 558 (Tex.App.-Amarillo 1990, writ denied). Such notice may be actual or constructive. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex.2001) (per curiam).

A purchaser of property is charged with constructive notice of all claims of a party in possession of the property that the purchaser might have discovered on proper inquiry. *Madison*, 39 S.W.3d at 606. A purchaser has the duty to ascertain the rights of a third-party possessor where the possession is visible, open, exclusive, and unequivocal. *Id.* In *Madison*, the supreme court held that possession as a tenant in one unit of a multifamily rental property was not sufficiently exclusive or unequivocal to provide constructive notice of the ownership claim. *Id.* at 607. However, the court did not question several earlier cases that had held possession was sufficient to place a purchaser on constructive notice stating, "[I]n each of these cases, the occupant lived in a single-unit dwelling. Arguably, this sole possession of property implicates visibility, openness, exclusivity, and unequivocality." *Id.*

The trial court concluded that Apex had constructive notice of Garza's adverse claim because Garza's possession of the property was visible, open, and exclusive. Apex argues that as a matter of law Garza's possession was not sufficient to give rise to constructive notice of Garza's

claim of ownership. Under its "sufficiency" point, Apex argues Garza's possession was not visible, open, exclusive, and unequivocal. There is evidence in the record that Garza bought the property in 1997 and thereafter, until evicted by Apex, used the property for his trucking business on a daily basis. Garza had signs on his trucks identifying his business, A–Garza Trucking. He parked his trucks, did mechanical work on them, and washed them at the property. The property is located in an industrial or warehouse area and has one building on it. Garza used the building as the office for his business and had someone working in the office Monday through Friday, and sometimes on Saturday. The holder of an outstanding lien on the property testified that Garza's trucks, with signs identifying the business, were on the property all the time. He said a person could see that Garza was doing business there. We conclude the evidence supports the conclusion that Garza's possession was open and visible.

The record also contains no evidence that anyone other than Garza and his employees occupied the property after he bought it in 1997. Nor does the record contain any evidence that Apex ever talked to LaCrosse or received any assurance of ownership from LaCrosse. Although Garza had rented the property from LaCrosse before buying it, nothing else in the record indicates the property was a rental property. Thus, we conclude the evidence supports the conclusion that Garza's possession was exclusive.

Lastly, the trial court did not expressly conclude Garza's possession was unequivocal. However, the evidence and the controlling findings of fact support that conclusion. In *Madison*, in which the supreme court held that possession of the property was equivocal, the purchaser had direct dealings with the record title owner, her fiancé, who assured her of his ownership of the multi-unit rental property. *Madison*, 39 S.W.3d at 605. The supreme court concluded the possession was not unequivocal because it was "compatible with another's ownership assertion." *Id.* at 607. However, the property here is not a multi-unit rental property like the property in *Madison*. Further, there is no evidence that Apex had any direct dealings with LaCrosse, the record title owner. Apex presented no evidence that it received any assurances of ownership from LaCrosse. Therefore, Garza's possession was not compatible with another's assertion of ownership. The evidence supports the conclusion that Garza's exclusive possession was similar to the possession of a single-unit dwelling in the cases discussed in *Madison*. *See id.* The trial court's findings support the correct legal theory that Garza's possession was unequivocal. *See Westech Eng'g*, 835 S.W.2d at 196. Considering only the evidence and inferences in favor of the trial court's findings, we conclude the evidence is legally sufficient to support the finding that Apex had constructive notice of Garza's claim. *See Catalina*, 881 S.W.2d at 297.

As noted above, Apex does not request a reversal and remand for a new trial, the appropriate remedy for a factual sufficiency challenge. However, Apex did file a motion for new trial in the trial court arguing that the judgment was against the great weight of the evidence. If we interpreted Apex's brief as also raising a factual sufficiency challenge, we would conclude the evidence is factually sufficient to support the trial court's findings. In contrast to the evidence described above, Apex presented evidence that its representative visited the property a week or so before the sale and did not find anyone there. There were no signs on the property and it ap-

peared vacant or abandoned. However, Garza presented evidence that the property had been used as his place of business for several years, that trucks with his business name on them were parked on the property, and that someone was in the office Monday through Friday and sometimes on Saturday. The record also shows that on the day of the sheriff's sale, a Tuesday, Apex found two of Garza's employees on the property and delivered an eviction notice. Nevertheless, after considering all the evidence in the record, we would conclude the evidence is not so weak that the finding of constructive notice is clearly wrong and unjust. *Zieben v. Platt*, 786 S.W.2d 797, 799 (Tex.App.-Houston [14th Dist.] 1990, no writ); *see Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We resolve Apex's first issue against it.

■ In its second issue, Apex argues the trial court erred in concluding both that the sheriff's deed was valid and that Garza had superior title to Apex. Apex says these conclusions are contradictory. Under the facts of this case, we disagree.

■ A sheriff's sale only conveys the right, title, and interest that the judgment debtor had in the property. Tex. Civ. Prac. & Rem.Code Ann. § 34.045(a). A sheriff's deed is in the nature of a quitclaim deed because it contains no warranty of title and conveys only whatever interest the judgment debtor had in the property. *See Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 769 (Tex.1994) (quitclaim conveys any title, interest, or claim of grantor, but does not profess that title is valid and contains no warranty or covenant of title); *Smith v. Morris & Co.*, 694 S.W.2d 37, 39 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.). The sheriff's deed to Apex conveyed only "the estate, right, title and interest which the said Terry La Crosse had" in the property. However, before Verizon obtained its judgment in 1999, and

before the subsequent execution sale and sheriff's deed to Apex, LaCrosse had conveyed the property to Garza in 1997. Because the sheriff's deed only purported to convey whatever title LaCrosse may have had, the deed was not rendered void when it was later determined that LaCrosse had no title to convey. *See Diversified, Inc. v. Hall*, 23 S.W.3d 403, 407 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (purchaser at sheriff's sale "received only whatever title, interest, or claims [judgment debtor] had, which was nothing."). Thus, the conclusion that Garza has superior title is not inconsistent with the validity of the sheriff's quitclaim deed to Apex.

■ Apex also argues that in the event it did not receive good title from the sheriff's sale, it is entitled to reimbursement of the purchase price from Verizon. Apex relies on cases holding that a purchaser at a void sheriff's sale is entitled to reimbursement of the purchase price and other expenses of the property. *See Keda Dev. Corp. v. Stanglin*, 721 S.W.2d 897, 902–03 (Tex.App.-Dallas 1986, no writ). These cases are distinguishable because the sheriff's sale in this case was not set aside. Apex received a valid sheriff's deed (a quitclaim) conveying only whatever interest LaCrosse had in the property. Like a purchaser under a quitclaim deed, Apex "bought only a chance of title." *Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286, 292 (1951); *see Rogers*, 884 S.W.2d at 769. Because LaCrosse had no title to the property, the sheriff did not have any title to convey to Apex. In essence, Apex is attempting to assert a warranty of title claim against Verizon. But Apex received no warranty of title, and thus is not entitled to reimbursement from Verizon. *See Rosenthal & Desberger v. Mounts*, 130 S.W. 192, 194–95 (Tex.Civ.App.1910, no writ) (judgment creditor is not a warrantor of title of property sold at execution; on fail-

ure of title because judgment debtor had no interest in property, purchaser cannot recover bid amount from creditor). We resolve Apex's second issue against it.

■ In its third issue, Apex argues Garza's quitclaim deed is void under the statute of frauds because of an insufficient description of the property. The quitclaim deed described the property as "2330 Hardwick, Dallas, Tx 75208" in Dallas County, Texas. The trial court concluded the quitclaim deed described the property with reasonable certainty for an effective conveyance of real property.

■ The statute of conveyances and the statute of frauds require that conveyances and contracts of sale of real property be in writing and signed by the conveyor or party to be charged. TEX. PROP.CODE ANN. § 5.021 (Vernon 1984); TEX. BUS. & COM.CODE ANN. § 26.01(b)(4) (Vernon 2002). In order for a conveyance or contract of sale to meet the requirements of the statute of frauds, the property description must furnish within itself or by reference to another existing writing the means or data to identify the particular land with reasonable certainty. *Pick v. Bartel,* 659 S.W.2d 636, 637 (Tex.1983); *Morrow v. Shotwell,* 477 S.W.2d 538, 539 (Tex.1972). The purpose of a description in a written conveyance is not to identify the land, but to afford a means of identification. *Jones v. Kelley,* 614 S.W.2d 95, 99–100 (Tex. 1981). If enough appears in the description so that a person familiar with the area can locate the premises with reasonable certainty, it is sufficient to satisfy the statute of frauds. *Gates v. Asher,* 154 Tex. 538, 280 S.W.2d 247, 248–49 (1955).

We have held that a street address or a commonly-known name for property may be a sufficient property description if there is no confusion. *Butler v. Benefield,* 589 S.W.2d 778, 780 (Tex.Civ.App.-Dallas 1979, writ ref'd n.r.e.); *see Henderson v. Priest,*

591 S.W.2d 635, 636 (Tex.Civ.App.-Dallas 1979, writ ref'd n.r.e.) (street address sufficient when considered with extrinsic evidence showing only one tract of land can meet description). The record contains no evidence of confusion as to the identity of the property subject to the quitclaim deed. Apex presented no evidence that there is more than one tract of land fitting the description in the deed, that LaCrosse owned other property nearby, or any other evidence indicating that the property cannot be located with reasonable certainty. *See Butler,* 589 S.W.2d at 780 ("When, however, from the description given, it is reasonably possible to locate more than one tract of land fitting that description, the statute of frauds is not satisfied."); *Friedlander v. Christianson,* 320 S.W.2d 404, (Tex.Civ.App.-Houston 1959, no writ) (description insufficient where street address listed and vendor owned other property nearby). We conclude Apex did not show that the property description does not furnish the means or data by which the land can be identified with reasonable certainty.

■ Apex also argues that several alleged defects in the notary's acknowledgment of the quitclaim deed render it void. A proper acknowledgment is necessary to record an instrument. TEX. PROP.CODE ANN. § 12.001(a). However, an unrecorded instrument is void only as against a bona fide purchaser without notice. *Id.* § 13.001(a). Apex is not a bona fide purchaser without notice and cannot rely on alleged defects in the acknowledgment to void the quitclaim deed. As between the grantor and the grantee, a deed is valid even if not acknowledged. *Haile v. Holtzclaw,* 414 S.W.2d 916, 928 (Tex.1967). Recording of a deed is not essential to pass title to the land. *Thornton v. Rains,* 157 Tex. 65, 299 S.W.2d 287, 288 (1957); *Chicago Title Ins. Co. v. Alford,* 3 S.W.3d 164,

167 (Tex.App.-Eastland 1999, pet. denied). We resolve Apex's third issue against it.

■ In its fourth issue, Apex argues the trial court erred in awarding attorneys' fees to Garza and Verizon under the declaratory judgment act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009. Garza filed a declaratory judgment claim against Apex, and Apex filed a declaratory judgment claim against Verizon. We apply an abuse of discretion standard of review to the trial court's award of attorneys' fees to Garza and Verizon. *See McLendon v. McLendon*, 862 S.W.2d 662, 672–73 (Tex. App.-Dallas 1993, writ denied), *disapproved on other grounds by Dallas Mkt. Ctr. Dev. Co. v. Liedeker*, 958 S.W.2d 382, 386–87 (Tex.1997). We do not reverse the trial court's decision on appeal unless the complaining party shows a clear abuse of discretion. *Id.*

■ Both Garza and Verizon prevailed on the declaratory judgment claims, Garza on his claim of superior title and Verizon in defending against Apex's claims. Under the declaratory judgment act, attorneys' fees may be awarded to either party regardless of who prevails, as long as the award is equitable and just. *See Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex.1996) (award not dependent on finding party substantially prevailed); *Ritchie v. City of Fort Worth*, 730 S.W.2d 448, 451 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.) (fees may be awarded to successful defendant). The record indicates and the trial court found that Apex kept Verizon in this suit because it would help Apex win the suit. The record also indicates that Apex is an experienced purchaser at foreclosure and execution sales and was aware of the risks involved in such sales. On this record, we cannot conclude that the trial court clearly abused its discretion in awarding attorneys' fees to Garza and Verizon. We resolve Apex's fourth issue against it.

■ In its fifth issue, Apex complains on appeal that the trial court erred in admitting evidence of settlement negotiations. *See* TEX.R. EVID. 408. However, the objection at trial was to the relevance of the evidence to the issue of attorneys' fees. Apex's counsel was asked whether he told Verizon's counsel that Apex wanted to keep Verizon in the suit because it felt it would put Apex in a better position to win against Garza. Apex's relevance objection was overruled. We conclude Apex has not preserved error on its rule 408 argument because it did not make that objection before the trial court. *See* TEX.R.APP. P. 33.(a)(1); TEX.R. EVID. 103(a)(1). We also conclude the testimony was relevant to the issue of whether it was equitable and just to award attorneys' fees to Verizon or Apex. TEX.R. EVID. 402. We resolve Apex's fifth issue against it.

Having resolved all of Apex's issues against it, we affirm the trial court's judgment.