

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00007-CV

_____

RONALD WHITTINGTON, APPELLANT

V.

JAY GREEN AND CONNIE GREEN, APPELLEES

On Appeal from the County Court at Law Number 2
Potter County, Texas
Trial Court No. 101,936-2; Honorable Pamela C. Sirmon, Presiding

January 14, 2020

MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

This is an appeal from an award of attorney's fees in favor of Appellant, Ronald Whittington, following a remand from this court after the reversal of a prior judgment in favor of Appellees, Jay Green and Connie Green. Raising three issues, Whittington contends the trial court erred by (1) concluding he was not entitled to attorney's fees pursuant to section 38.001 of the Texas Civil Practice and Remedies Code or (2) section

37.009 of the same code, and by (3) awarding less in attorney's fees than was testified to by Whittington's attorney. We affirm the judgment of trial court.

**BACKGROUND**

In 2013, the Greens filed a lawsuit against Whittington alleging he had breached a *Compromise and Settlement Agreement* reached in settlement of an earlier lawsuit filed by the Greens against Whittington for damages allegedly sustained as a result of water drainage from Whittington's higher-elevation property onto the Greens' lower-elevation property. In the litigation concerning the *Compromise and Settlement Agreement*, Whittington filed a counterclaim against the Greens seeking a declaratory judgment that he had fully complied with the terms of that agreement. Whittington did not file a counterclaim seeking damages for any alleged breach of the *Compromise and Settlement Agreement* by the Greens; however, he did seek damages pursuant section 11.086 of the Texas Water Code, for an alleged improper diversion of ground water. Following a bench trial, the court ruled in favor of the Greens. At that time, a judgment was entered awarding the Greens affirmative injunctive relief, damages, and attorney's fees.

On appeal, this court found that the trial court had erred in its interpretation of the *Compromise and Settlement Agreement*. *See Whittington v. Green,* No. 07-15-00102-CV, 2016 Tex. App. LEXIS 13533, at *16 (Tex. App.—Amarillo Dec. 20, 2016, pet. denied) (mem. op). We reversed the judgment of the trial court, entered a declaratory judgment in favor of Whittington, and remanded the matter for consideration of Whittington's claim for attorney's fees pursuant to either section 37.009 (declaratory judgment) or 38.001 (breach of contract) of the Texas Civil Practice and Remedies Code.

2

On remand, the Greens maintained that Whittington was not entitled to the recovery of attorney's fees pursuant to section 38.001 because he did not sue for breach of contract and he did not recover any monetary damages. The Greens further argued that the trial court was not bound to award Whittington the full recovery of his attorney's fees pursuant to the Declaratory Judgments Act if the court found that a lesser amount, or no amount at all, was equitable or just. Based on evidence presented during the original trial, the trial court awarded Whittington the amount of $2,500 as "just and equitable" attorney's fees.[1] Whittington filed this appeal.

### APPLICABLE LAW

To secure an award of attorney's fees from an opponent, the prevailing party must prove that (1) recovery of attorney's fees is legally authorized and (2) the requested attorney's fees are reasonable and necessary for legal representation, so that such an award will fairly compensate the prevailing party generally for its losses resulting from the litigation process. *Rohrmoos Venture v. UTSW DVA Healthcare*, *L.L.P.*, 578 S.W.3d 469, 487 (Tex. 2019). To "prevail" means to obtain actual and meaningful relief, something that materially alters the legal relationship between the parties. *Id.* at 485-86. No one disputes that Whittington was the prevailing party in this litigation.

In that regard, we note that a prevailing party does not have an inherent right to recover attorney's fees from the non-prevailing party unless there is specific statutory or contractual authority allowing it. *Id.* at 486. Accordingly, an appellate court reviews a lower court's decision to award attorney's fees under a bifurcated standard of review.

---

[1] Whittington's attorney testified that his reasonable and necessary attorney's fees through trial totaled $28,000. This testimony was unchallenged by Green.

First, we must determine, as a matter of law, whether a party is entitled to the recovery of attorney's fees. That decision is a question of law which we review under a *de novo* standard. *Murphy v. Exter Fin. Corp.*, 558 S.W.3d 207, 214 (Tex. App.—Texarkana 2018, no pet.). Once a trial court has determined that attorney's fees are allowed, it must then decide the amount of attorney's fees to be awarded. We review that decision based on the sufficiency of the evidence and the reasonableness and necessity of the award. The party seeking a recovery of attorney's fees bears the burden of proving that the fees sought are reasonable and necessary. *Rohrmoos Venture*, 578 S.W.3d at 484.

### ANALYSIS

Here, the trial court was expressly limited to considering whether Whittington was entitled to the recovery of attorney's fees under (1) section 38.001 of the Texas Civil Practice and Remedies Code pertaining to the recovery of attorney's fees in a breach of contract proceeding and (2) section 37.009 of the same code pertaining to the recovery of attorney's fees in a declaratory judgment proceeding.

### SECTION 38.001

The Texas Civil Practice and Remedies Code provides for the recovery of reasonable attorney's fees to the prevailing party on a claim based on an oral or written contract. See TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015). The Greens maintain that Whittington is not entitled to recovery of attorney's fees pursuant to section 38.001(8) because he never pleaded a contract cause of action as a basis for the recovery of his attorney's fees and he did not recover monetary damages. We agree. While Whittington, as defendant, did file a counterclaim based on numerous theories, including:

4

(1) violation of the Texas Water Code,[2] (2) trespass, (3) nuisance, (4) equitable relief, and (5) the Uniform Declaratory Judgments Act,[3] he never pleaded a breach of contract cause of action.

While Whittington acknowledges that section 38.001 does not generally provide for the recovery of attorney's fees in an action involving the pure defense of a contract claim, he contends that he is nevertheless entitled to recover attorney's fees because his counterclaims were "encompassed by . . . and . . . indistinguishable" from the Greens' breach of contract cause of action. *See De La Rosa v. Kaples,* 812 S.W.2d 432, 434 (Tex. App.—San Antonio 1991, writ denied) (finding an award of attorney's fees appropriate for the defense of a contract claim where "the matters encompassed by the claim and counterclaim are indistinguishable" and arose from the same transaction). *But see G.R.A.V.I.T.Y. Enters. v. Reece Supply Co.*, 177 S.W.3d 537, 551 (Tex. App.—Dallas 2005, no pet.) (declining to follow *De La Rosa* in light of *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195 (Tex. 2004) and *Green Int'l v. Solis*, 951 S.W.2d 384 (Tex. 1997)). In both *Green Int'l* and *Mustang Pipeline Co.,* the Supreme Court determined that even though a party seeking attorney's fees was the prevailing party on a breach of contract cause of action, they could not recover attorney's fees pursuant to section 38.001(8) because they failed to recover any monetary damages. Therefore, to the extent *De La Rosa* is inconsistent with the Supreme Court's pronouncements in *Green Int'l* and *Mustang Pipeline Co.,* we join our sister court in declining to follow it. Because

---

[2] TEX. WATER CODE ANN. §§ 11.081-.120 (West 2018).

[3] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West 2015).

Whittington did not recover monetary damages from Green, we find he was not entitled to recover attorney's fees under section 38.001(8).

Furthermore, in issuing its ruling, the trial court clearly stated that the basis for awarding Whittington recovery of attorney's fees in this case was the fact that he was the prevailing party in the declaratory judgment action, not the action based on breach of contract. Therefore, we hold the trial court did not err in failing to award attorney's fees in accordance with section 38.001(8) of the Texas Civil Practice and Remedies Code. Whittington's first issue is overruled.

### SECTION 37.009

An award of attorney's fees is also authorized under the provisions of section 37.009 of the Texas Civil Practice and Remedies Code. That section provides, "[i]n any proceeding under this chapter [the Uniform Declaratory Judgments Act], the court *may* award costs and reasonable and necessary attorney's fees as are equitable and just." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). (Emphasis added). Under the Uniform Declaratory Judgments Act, attorney's fees can be awarded to either party regardless of who prevails, so long as the award is equitable and just. *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 238 (Tex. App.—Dallas 2004, pet. denied). Because an award of attorney's fees under the Uniform Declaratory Judgments Act is not mandatory, the sufficiency of an award of attorney's fees is a matter left to the sound discretion of the trial court, subject to the requirement that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirement that the fees be equitable and just, which are matters of law.

6

While Whittington's second issue contends the trial court erred by finding that he was not entitled to recover attorney's fees pursuant to section 37.009, the actual gist of his complaint is that the trial court did not award him the *amount* of attorney's fees he requested (a matter more thoroughly discussed with regard to Whittington's third issue). Therefore, to the extent that his arguments and authorities do not address the issue presented, that issue has been waived. *ERI Consulting Eng'rs*, *Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (holding that failure to provide citation or argument and analysis as to an appellate issue may waive that issue). That being said, because it is clear that the trial court did award Whittington the recovery of attorney's fees pursuant to section 37.009, his second issue is overruled.

### SUFFICIENCY OF THE AWARD OF ATTORNEY'S FEES

By his third and final issue, Whittington contends the trial court erred by arbitrarily reducing the amount of attorney's fees awarded due to an erroneous conclusion that he was required to "segregate" his attorney's fees. The record shows that Whittington requested a total of $28,000 in attorney's fees (through trial), with additional sums for services in the event of an appeal ($10,000 through the intermediate appellate court and $10,000 through the Texas Supreme Court). The record reflects that his attorney's testimony consisted of sixteen lines of text, culminating with the conclusory statement that "reasonable attorneys' fees incurred in connection with this matter through trial would be $28,000 . . . ."

Once a trial court has determined that attorney's fees are allowed, it must then decide the amount of attorney's fees to be awarded. We review that decision based on the sufficiency of the evidence and the reasonableness and necessity of the award.

7

*Rohrmoos Venture*, 578 S.W.3d at 484. Because attorney's fee awards are compensatory in nature, only fees that are reasonable and necessary to the prosecution of the prevailing claim are recoverable by the prevailing party. *Id.* at 487. In determining whether a fee award is reasonable and necessary, the amount contracted for between the prevailing party and his attorney does not necessarily establish that the fee is reasonable and necessary. *Id.* at 487-88. As stated above, in this case we have little more than counsel's opinion that the sum of $28,000 was reasonable and necessary.

Assuming for the sake of argument that the sums testified to were both reasonable and necessary, where attorney's fees are being awarded pursuant to section 37.009 of the Texas Civil Practice and Remedies Code, we are further bound by the requirement that the fee awarded be equitable and just. Unlike a determination of "reasonable and necessary," a determination of "equitable and just" is a matter of law question. Accordingly, subject to the requirement that the fees awarded be reasonable and necessary, we review a trial court's decision as to the *amount* of attorney's fees in a declaratory judgment action under an abuse of discretion standard. *Apex Fin. Corp.*, 155 S.W.3d at 238. In that regard, a trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Additionally, when reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

Here, the dispute between the parties had a long and sordid history—a dispute, a lawsuit, a settlement, another dispute, another lawsuit, a judgment, an appeal, a reversal, another dispute, and another judgment. In addition, throughout the course of the dispute,

8

the legal theory morphed from a trespass claim, to a nuisance claim, to a tort claim, to a breach of contract claim. Given the acrimonious nature of this dispute between adjacent landowners, we cannot say that the trial court's decision to award Whittington less than the full amount of his claimed fees was arbitrary or unreasonable. A reasonable jurist could have had many different reasons for discounting the amount of the attorney's fees claimed and we will not second-guess those reasons. As such, we find the trial court did not abuse its discretion in awarding less than the full amount of attorney's fees claimed. Whittington's third issue is overruled.

CONCLUSION

The judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice

9