

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00358-CV

PETER DAVID WAGNER, APPELLANT

V.

JOSEPH TROMBATORE AS EXECUTOR OF THE 2843 TRUST
OF 11512 SUNNY CREEK LANE, MANOR, TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Travis County, Texas
Trial Court No. C-1-CV-23-001945, Honorable Todd T. Wong, Presiding

August 13, 2024

MEMORANDUM OPINION[1]

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In this forcible entry and detainer proceeding, Peter David Wagner appeals the trial court's judgment in favor of Joseph Trombatore, as trustee of the 2843 Trust of 11512 Sunny Creek Lane, Manor, Texas (Joseph). The court awarded Joseph possession of the property. On appeal, Wagner presents four issues for review. We affirm.

---

[1] Because this matter was transferred from the Third Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. See TEX. R. APP. P. 41.3.

### Background

In April 2016, Wagner befriended and soon thereafter moved in with Ms. Harriet Trombatore (Ms. Trombatore), the latter then being the owner and occupant of 11512 Sunny Creek Lane in Manor, Texas. Ms. Trombatore was elderly and ill. Thereafter, Wagner drafted and assisted Ms. Trombatore in executing both a trust document creating the "2843 Trust" and a deed purporting to transfer ownership of the home to the Trust. Joseph, Ms. Trombatore's stepson, was named trustee.

Ms. Tromabatore died in June 2016. Wagner remained in her home and agreed with Joseph to pay the mortgage payments and some homeowners' association fees. But, those payments ceased in 2021, though Wagner and a sublessee he obtained remained in the house. Ultimately, Joseph initiated a forcible entry and detainer suit in the Justice Court for Precinct 1 of Travis County. The justice court tried the matter and awarded possession of the property to Joseph. Wagner appealed to the County Court at Law Number 1 of Travis County. It too entered judgment in favor of Joseph.

### Issues 1, 3, and 4: Subject-Matter Jurisdiction

Wagner's first, third, and fourth issues are all shades of the same contention. That contention concerns the existence of some purported title defect and the trial court's jurisdiction to act given the alleged defect. Wagner contends in one way or another that the defect deprived the trial court of such. We overrule the issues.

Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court or county court at law for trial de novo. *See* TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 749; *Roark v. Rice Capital, LLC Series 20*, No. 03-22-00514-CV, 2024 Tex. App. LEXIS 3613, at *2 (Tex. App.—Austin May 24, 2024, no pet.) (mem. op.). Yet, if the justice court lacks

2

jurisdiction, so too does the reviewing court. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.).

The proceeding is special and designed to offer a speedy, summary, and inexpensive determination of the right to immediate possession of real property. *Roark*, 2024 Tex. App. LEXIS 3613, at *1–2. Neither a justice court nor county court on appeal have jurisdiction to adjudicate title in conjunction with determining possession, though. *Id.* at *2. Nevertheless, the presence "of a title dispute does not deprive the justice court of jurisdiction, and if there is an independent basis to resolve the possession issue, then the justice court may resolve [it] . . . without deciding the title issue and it retains jurisdiction." *Id.* That is the circumstance here.

The supposed title dispute urged by Wagner concerns a variance in the legal description in the property transferred to the Trust. The original deed conveying the home to Ms. Trombatore described the property as "LOT 79, BLOCK U, SHADOWGLEN PHASE ONE SECTION 5." The deed executed by her transferring it to the Trust referred to "Lot 7," though. So, question allegedly existed as to whether the Trust had title to the property, in Wagner's view, and that denied the trial court of jurisdiction. In assessing the accuracy of this position, we initially observe that one pursuing a forcible detainer "is not required to prove title to the property" but only offer some evidence of ownership demonstrating a superior right to immediate possession. *Mendoza v. Bazan*, 574 S.W.3d 594, 602 (Tex. App.—El Paso 2019, pet. denied). And, Wagner forgets that there was more than one instrument he drafted and had Ms. Trombatore sign when transferring the home to the Trust.

There were two documents, and the second was the trust document itself. In it, he wrote the following: "The Grantor [Ms. Trombatore] hereby titles the REAL property

3

recorded in the TRAVIS County records, on the date so recorded thereon also known as 2843 TRUST, has been placed and recorded on this 4th day of April, 2016.  REAL PROPERTY: 11512 SUNNY CREEK LANE MANOR, TEXAS 78653."  Though the wording of that passage is a tad odd, it memorializes Ms. Trombatore's intent to convey the home at "11512 SUNNY CREEK LANE MANOR, TEXAS 78653" to the Trust over which Joseph sits as trustee.  It does so not by lot, plat, or the like but by address. Moreover, the address at which realty is located may suffice as a legal description for purposes of a conveyance, so long as it causes no confusion.  *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 237 (Tex. App.—Dallas 2004, pet. denied).

There is no confusion that 11512 Sunny Creek Lane, Manor, Texas 78653 is the very home in which Ms. Trombatore resided.  It is the very home in which Wagner came to reside while she lived.  It is the very home he caused Ms. Trombatore to convey to the Trust.  It is the very home in which Wagner remained after 2021, while forgoing the payment of rent.  So, the conveyance and legal description in the trust instrument itself provided some evidence of ownership sufficient to demonstrate a superior right to immediate possession.  It also provided an independent basis to resolve the possession issue without deciding the matter of title.  That means both the justice court and county court at law had jurisdiction to adjudicate the detainer action before them.

### Issue 2:  Sufficiency of the Evidence

Wagner next contends that Joseph failed to establish the essential elements of his detainer claim.  More specifically, he seems to challenge the evidence showing the existence of a landlord-tenant relationship and Joseph's standing to pursue the action. We overrule the issue.

4

As trustee, Joseph was specifically granted, in the trust instrument, "full powers to exercise full control in the name of the Trust" and "[t]o buy, sell, rent, [and] lease property of the Trust." Thus, he had standing to prosecute the detainer action.

As for the proposition that Joseph failed to prove Wagner was some type of tenant subject to a detainer suit, we observe the following. A tenant at sufferance is subject to a forcible detainer action. *See* TEX. PROP. CODE ANN. § 24.002(a)(2) (stating that one refusing to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance). Such a tenant is one who enters into possession rightfully and after the end of the tenancy retains possession wrongfully. *Higginbotham v. Ferguson*, No. 03-99-00011-CV,1999 Tex. App. LEXIS 9118, at *7–8 (Tex. App.—Austin Dec. 9, 1999, no pet.) (mem. op.). In other words, it is somebody possessing property and wrongfully continues in possession after his right to do so ceased. And, that is Wagner. He apparently came to live at the premises with the approval of Ms. Trombatore but overstayed his welcome after she died and he withheld rent or like consideration in exchange for his continued presence. Wagner being a tenant at sufferance, Joseph was entitled to remove him through a detainer action.[2]

Having overruled Wagner's issues on appeal, we affirm the county court at law's judgment.


Brian Quinn
Chief Justice

---

[2] Wagner does not challenge the sufficiency of the evidence supporting the other elements to a detainer action.